TOWN OF SHERBURNE v. TOWN OF HARTLAND, *Appellant.*

### *Pauper.*

The pauper act of 1801 *held* to apply to minor children after marriage, though not before, on the ground that marriage emancipates the minor.

THIS was an appeal in behalf of the town of Hartland from an order for the removal of one Ezekiel West, and Louisa, his wife, as paupers, from the town of Sherburne to the said town of Hartland. The cause was referred to a referee, and on the hearing on his report at the September Term, 1864, KELLOGG, J., presiding, the court, *pro forma*, decided that the said Ezekiel West and Louisa, his wife, were unduly removed, and rendered judgment in favor of the town of Hartland, the appellant, on said report. To this decision and judgment the town of Sherburne, the appellee, excepted.

The facts found by the referee are stated in the opinion.

*Dewey & Joyce*, for the plaintiff.

*John Colby* and *Washburn & Marsh*, for the defendant.

ALDIS, J. The pauper act of 1801 was in force till 1817. It enacted—"that all and every person coming into and residing within any town in this state, who shall not be warned" to remove out of town "within one year after he or she removed into such town, shall be deemed to have a legal settlement in such town."

Ezekiel West, the pauper in this case, moved into Sharon in 1794, when he was five years old, and resided there till 1808. He was an illegitimate child,—and, when he was five years old, he was removed from his mother in Hartland to live with his uncle in Sharon. At the age of eighteen (in 1807) he was married in Sharon, and continued to reside there one full year after his marriage. He was not warned out of Sharon.

Did he thereby acquire a settlement in Sharon? The words of the act—" all and every person "—would literally include minor children. But it was decided in *Wells* v. *West Haven*, 5 Vt. 326, that the statute did not apply to minor children living with their parents, or guardian, or under the care of a friend. Such young persons not being at liberty to act for themselves could not remove from the town if ordered ;—nor was it contemplated that they should be separated from their families. West therefore while in the family of his uncle

and under his care and control was not subject to the warning out process. The same decisions have been made in New Hampshire and Massachusetts under similar statutes. 1 N. H. 264; 3 N. H. 472; 12 Mass. 430.

2. But it is said on behalf of the defendant that he married at the age of eighteen and was thereby emancipated and left to act for himself; that he thereby became liable to be warned out, and that he thereafter resided in Sharon a year without being warned to remove.

Emancipation under the pauper law exists, when the minor contracts a new relation inconsistent with being a part of the family. This is the definition approved by Judge Williams in *Wells* v. *West Haven*, 5 Vt. 326. A mere residence with another separate from the family of the parents is not emancipation. 3 T. R. 353; 3 N. H. 472; 5 M. & S. 214; 5 B. & A. 523; *Bradford* v. *Lunenburgh*, 5 Vt. 481. In this case the subject of emancipation was well considered, and it was held that the minor's living separate from his mother from the age of sixteen till he was twenty-one did not emancipate him. Judge HUTCHINSON dissented upon the ground that the separate residence under the facts of that case constituted emancipation.

But all the authorities agree that marriage emancipates the child. It is a new relation inconsistent with subjection to the control and care of the parent. The husband becomes the head of a new family. His new relations to his wife and children create obligations and duties which require him to be the master of himself, his time, his labor, earnings and conduct. He can no longer be subject to the control of his parents.

All the authorities seem to concur in this doctrine. *Bradford* v. *Lunenburgh*, 5 Vt. 481; 4 Conn. 373.

When emancipated he has the control of himself, is not subject to the restraint of his parents, can remove himself out of town, and the warning to remove should then be given to him rather than his parents.

The contracting the relation of marriage is generally a matter of notoriety in a town, and one of which the town authorities should take notice. In fact they would be quite as likely to know it as to

know when a minor comes of age; or is emancipated by agreement of the parents.

It is urged that the minor during the year of marriage might still have lived with his uncle and not have been emancipated. Without determining what would be the effect of such continued residence in the uncle's family, it is sufficient to say that nothing of that kind appears to have been proved, and the fair and *prima facie* presumption is to the contrary.

Judgment affirmed.