TOWN OF NORTHFIELD *v.* TOWN OF BROOKFIELD.

*Emancipation of Infant.    Settlement of Pauper.    Gen. Sts. c.* 19, *s.* 1.

Marriage emancipates an infant.

A setting in the list at the required sum for five years in succession, with a continuous residence during that time, although less than five full years, gives a settlement under subdivision 4, s. 1, c. 19 of the Gen. Sts.

THIS was an appeal from an order of removal of one Ellen Nichols, a pauper, her family and effects, from the town of Northfield to the town of Brookfield. Trial by the court at the March Term, 1877, REDFIELD, J., presiding, upon the following agreed statement of facts:

The pauper was legally married to Oliver F. Nichols, on August 17, 1872, and is still his wife, and the child, Forrest O. Nichols, named in the warrant and order of removal, is the issue of

said marriage.   Oliver F. Nichols is the son of Roswell S. Nichols, and has no settlement except a settlement in Middlesex, derived from his father, unless he has acquired one in Brookfield, as hereinafter stated.   Roswell S. Nichols moved into Brookfield on March 19, 1868, and has ever since resided there.   Ever since and including the spring of 1868, Roswell S. Nichols has had a list in Brookfield, aside from his poll, on property held in his own right, of more than $3.   Oliver F. Nichols was twenty-one years old on May 27, 1873.   Upon the said Oliver's marriage, he commenced keeping house in Northfield, but soon afterwards removed to Massachusetts with his wife, where he remained until the next summer or fall, when he came back to Brookfield. His wife soon afterwards came back to Northfield, when they began keeping house again in Northfield.

Oliver F. Nichols abandoned his wife and went to parts unknown, about September 1, 1876, and has not lived with her since ; and was in parts unknown at the time of the making of this order of removal, and has not provided for his family ; and the said pauper and family were chargeable to Northfield when the order was made.   A month or so before the said Oliver was married, he asked his father to give him his time ; whereupon his father, in the presence of a witness called for that purpose, told him that he would thenceforth give him his time, and would thereafter claim none of his wages, and should pay none of his debts ; and he never did thereafter claim any of his wages.   At that time said Oliver was, and had been for some time, living and working at Northfield, and was not living in his father's family, and did not thereafter and before he was married live with his father nor make it his home there, but he had made it his home with his father up to the day his time was given him, and his father had collected all his wages up to that time.

No question was raised except whether, on the foregoing statement of facts, the settlement of Oliver F. Nichols was in Brookfield, or in Middlesex, at the time the order of removal was made. The court held that the settlement of the pauper was not in Brookfield, and rendered judgment that the pauper was unduly removed ; to which the plaintiff excepted.

*Frank Plumley*, for the plaintiff.

Oliver F. Nichols was not emancipated by his marriage.   *Bradford* v. *Lunenburgh*, 5 Vt. 481 ; COLLAMER, J., in *Rupert* v. *Sandgate*, 10 Vt. 278 ; and see *Hartford* v. *Hartland*, 19 Vt. 392 ;

*Hardwick* v. *Pawlet*, 36 Vt. 320. The cases of *Sherburne* v. *Hartland*, 37 Vt. 528, and *Tunbridge* v. *Eden*, 39 Vt. 17, are distinguishable from the preceding.

There was no emancipation by the gift of time.

But the pauper's husband derived settlement in Brookfield by way of his father, in any event, as his father had acquired a settlement there at the time of his son's marriage. The requirements of the statute were met, although there had not been residence for five full years—not residence, but the list, the bearing of the money burden of the town, is the test. The matter of the list was complete, and that element perfected. Gen. Sts. c. 19, s. 1, subdivision 4.

*J. W. Rowell*, for the defendant.

The question is, whether the pauper's husband had a settlement in Brookfield at the time the order of removal was made, January 20, 1877. He had none unless he derived it from his father. But he was married to the pauper on August 17, 1872, and thereby emancipated. *Bradford* v. *Lunenburgh*, 5 Vt. 481 ; *Sherburne* v. *Hartland*, 37 Vt. 528.

At the time of his marriage, his father had not lived in Brookfield " five years in succession," and had not, therefore, gained a settlement therein. Gen. Sts. c. 19, s. 1, subdivision 4. And although the father may have acquired a settlement there since, such settlement will not be transmitted to his son, as an emancipated child does not take an after-acquired settlement of the father. *Poultney* v. *Glover*, 23 Vt. 328 ; *Tunbridge* v. *Eden*, 39 Vt. 17.

The opinion of the court was delivered by

BARRETT, J. The pauper's husband, whose settlement she took, had no settlement in his own right. He was twenty-one years old May 27, 1873. He had married August 17, 1872. About a month before that, his father had given him his time, and was not to claim any of his earnings nor pay any of his debts, and he did not, the son from that time ceasing to live with, or have any relation of subjection to, his father.

On the 19th of March, 1868, the father of the pauper's hus-

band moved from Middlesex, where he had a settlement, to Brook-field, where he continued thereafter to reside. He was set in the list of Brookfield in 1868–9–70–71 and 72, for more than $3. Whether the pauper had a settlement in Brookfield when the order was made on the 20th of January, 1877, depends on whether her husband derived a settlement in Brookfield from his father. If he was not emancipated either by the giving him his time or by his marriage, it is agreed that he derived such settlement; for his father had resided five full years and more in Brookfield, with the required list, before he became of full age.

If he was emancipated by either of said acts, viz., the giving him his time, or by his marriage, the question is, whether he would have derived such settlement from his father; in other words, had his father got a settlement in Brookfield before such emancipation ? The marriage operated emancipation, as held in *Sherburne v. Hartland*, 37 Vt. 528. There is no need of determining whether the giving of his time did.

The question then is, whether the setting of the father in the list for five years in succession, with a continuous residence of less than five full years, gave the father a settlement. This depends on the construction given to the fourth subdivision of s. 1, c. 19, Gen. Sts. It is the opinion of the court that the " for five years in succession " has reference to the being " set in the list of such town at the sum of three dollars or upwards," and not to the preceding clause, " who shall reside in any town." That preceding clause is regarded as requiring that the party shall reside in the town as his home, in such way that his ratable estate shall be set in the list for the time required—that he shall be a resident, as distinguished from a non-resident, tax-payer ; and that, when he has so resided in the town till his ratable estate has been set in the list of such town for five years in succession, it answers that requirement of the statute, though such residence shall have been less than five full years. This construction seems to be countenanced by comparing this subdivision with the others of that section. But it is not needful to pursue the subject further. As no *equity* is affected on this subject, and the provisions of the statute are to have operation according to what shall be held to be the

meaning and force of the terms used, we are not troubled with solicitude lest we should be doing injustice to a party by this construction and application of the statute in question.

Judgment reversed, and judgment that the pauper was duly removed.