## ALDRICH *v.* BENNETT.

The legal marriage of a female infant terminates the father's right to her custody and services.

CASE, for unlawfully enticing away the plaintiff's minor daughter, on the 29th day of March, 1879, and depriving him of her services from that time until the 8th day of September, 1882, when she became twenty-one years of age. The defendant pleaded that on said 29th day of March he was lawfully married to the daughter, and that the plaintiff was not thereafter entitled to her services. To this plea the plaintiff demurred.

*Lane & Dole*, for the plaintiff.

*Batchelder & Faulkner*, for the defendant.

CLARK, J. The right of a parent to the earnings of his minor child, upon whatever principle it is founded (*Hammond* v. *Corbett*, 50 N. H. 501), is commensurate with the right of custody; and so long as the right to the services of the child remains, the right to control those services must exist. Whatever, therefore, operates as a release from parental control, necessarily terminates parental right of service; and the emancipation of the minor from legal parental authority, either by the voluntary act of the parent or by operation of law, puts an end to the legal claims of the parent to the minor's earnings.

The marriage of a female infant, if above the age of legal consent, is valid, although contracted and entered into in defiance of parental wishes and authority. G. L., *c.* 180, *ss.* 13, 14; *Parton* v. *Hervey*, 1 Gray 119. Being valid, the same legal consequences must follow from it, whether contracted in obedience to parental preferences, or in opposition to them. In either case the parent is no longer entitled to the services and earnings of the infant mar-

ried daughter. The new relations created by the marriage, being inconsistent with the enforcement of parental rights, operate as an emancipation from them. The plaintiff's daughter, being above the statutory age of consent, had the legal capacity to form the relation of marriage, and although in strictness of law it should not be formed without parental consent, it is nevertheless sustained on grounds of public policy, and parental rights are made to yield to it. Cooley Torts 237. The legality of the marriage is admitted by the demurrer, and the plea is a sufficient answer to the plaintiff's action. *Hervey v. Moseley*, 7 Gray 479.

                                          *Demurrer overruled.*

CARPENTER, J., did not sit: the others concurred.