COMMONWEALTH *vs.* THEODORE G. GRAHAM.

Middlesex.  March 28, 1892. — June 24, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Marriage in another State — Complaint against Infant for Non-support of his Wife.*

The general rule of law is, that marriage contracted elsewhere, if valid where it is contracted, is valid here, although the parties intended to evade our laws, unless the statute declares such marriage void, or the marriage is one deemed " contrary to the law of nature as generally recognized in Christian countries."

An infant husband is entitled to his own wages so far as they are necessary for his own support and that of his wife and children, even if he married without his father's consent, and the ruling of the presiding justice, on a complaint against him for the non-support of the wife, that the " wife would be entitled to receive support from " her husband, and that he " would be entitled as of right to such portion of his wages as to enable him to support his wife," and " that the father could only claim the rest," is sufficiently favorable to the defendant.

COMPLAINT, under the St. of 1885, c. 176, for the non-support of the defendant's wife.

At the trial in the Superior Court, before *Hopkins*, J., there was evidence tending to show that the defendant was nineteen years of age at the time of his marriage, and twenty when the complaint was made; that the marriage was solemnized in Maine, whither the defendant and his prospective wife had repaired for the sole purpose of evading that provision of law of this Commonwealth which requires the written consent of the defendant's father to the marriage; that the marriage was consummated without the knowledge or consent of the defendant's father, who has never consented to it, but has always claimed and taken the defendant's wages ; that the defendant after his marriage lived with his wife for six weeks at the home of his parents in Somerville ; that the father was in poor health, and needed his son's wages for his own support and the support of other members of his family ; that the defendant had no property other than said wages, and his wife had no separate property and was unable to work at the time of the making of the complaint; that the father testified that he allowed the son to retain from his earnings from one to four dollars a week for the first six months after his

marriage: and that at the time of the complaint the defendant's wife was quick with child, and from February, 1891, to the date of the complaint he had made no provision whatever for her support. This period was after he was allowed from one to four dollars, as previously stated.

The defendant requested the court to rule:

First. " A father is legally entitled to the wages of his minor son, and his marriage without the consent of his father does not of itself work his emancipation and entitle him to his earnings. If the defendant's father claimed and took his wages, and thereby deprived the defendant of the means of supporting his wife, he cannot be convicted."

Secondly. " A marriage in another State in violation of the laws of this State will not have the effect to emancipate here the minor party to such marriage."

The judge refused so to rule, but did instruct the jury that the marriage in Maine without the father's consent was valid in this Commonwealth, and imposed upon the defendant all the duties and responsibilities of the marital relation; that his wife would be entitled to receive support from him; that the defendant would be entitled as of right to such portion of his wages as to enable him to support his wife; that the father could only claim the rest; and that it was for the jury to say whether the defendant had any income, and if so, whether his neglect to support his wife was upon all the evidence unreasonable.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Cummings & R. G. Fairbanks*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

FIELD, C. J. The exceptions recite that the " defendant was nineteen at the time of his marriage, and twenty when the complaint was made." The age of the wife nowhere appears, but it was not contended that she was under the age of consent. If the marriage had been solemnized within the Commonwealth, it would have been valid. Pub. Sts. c. 145, § 6. *Parton* v. *Hervey*, 1 Gray, 119. It is not contended that the marriage was void by the laws of Maine, but we cannot take judicial notice of the statutes of Maine, and the common law of that State must be

presumed, in the absence of evidence, to be the same as the common law of Massachusetts. See *Hiram* v. *Pierce*, 45 Maine, 367.

Section 10, c. 145, of the Public Statutes was intended to define the cases in which a marriage should be deemed void which was solemnized in another State by persons resident in this Commonwealth who went into the other State for the purpose of having the marriage solemnized there, and afterwards returned to and resided in this Commonwealth, but the present case is not within this section. The general rule of law is, that a marriage contracted elsewhere, if valid where it is contracted, is valid here, although the parties intended to evade our laws, unless the statutes declare such a marriage void, or the marriage is one deemed " contrary to the law of nature as generally recognized in Christian countries." *Sutton* v. *Warren*, 10 Met. 451. *Commonwealth* v. *Hunt*, 4 Cush. 49. *Commonwealth* v. *Lane*, 113 Mass. 458.

The consequences of this marriage must be the same as if it had been solemnized in this Commonwealth, and the presiding justice, therefore, correctly ruled that this marriage " imposed upon the defendant all the duties and responsibilities of the marital relation." The real question is whether, when a minor son marries without the consent of his father, and the father never consents to it, and needs the son's wages for his support and the support of his family, the father is entitled to the son's wages during minority in preference to the wife, who also needs the wages for her support. The ruling was, that the " wife would be entitled to receive support from" her husband, and that he " would be entitled as of right to such portion of his wages as to enable him to support his wife ; that the father could only claim the rest."

It seems to be settled that the marriage of a minor son, with the consent of his father, works an emancipation, and it is not clear that the marriage of a minor son without his father's consent does not have the same effect, although the decision in *White* v. *Henry*, 24 Maine, 531, is *contra*. It has been said : " The husband becomes the head of a new family. His new relations to his wife and children create obligations and duties which require him to be the master of himself, his time, his labor, earnings and conduct." *Sherburne* v. *Hartland*, 37 Vt. 528, 529. There

seems to be little doubt that, when an infant daughter marries, she is emancipated from the control of her parents. *Aldrich* v. *Bennett,* 63 N. H. 415. *Burr* v. *Wilson,* 18 Tex. 367. *Porch* v. *Fries,* 3 C. E. Green, 204. *Northfield* v. *Brookfield,* 50 Vt. 62. *Rex* v. *Wilmington,* 5 B. & Ald. 525. *Rex* v. *Everton,* 1 East, 526. See, however, *Babin* v. *Le Blanc,* 12 La. An. 367. The meaning of emancipation is not that all the disabilities of infancy are removed, but that the infant is freed from parental control, and has a right to his own earnings. In *Taunton* v. *Plymouth,* 15 Mass. 203, 204, it was intimated that the marriage of an infant son with the consent of the father entitled the son to his own earnings for the support of his family, and in *Davis* v. *Caldwell,* 12 Cush. 512, it was said that an infant husband is liable for necessaries furnished for himself and his family. It is clear, we think, that it is the duty of an infant husband to support his wife, and that, if he have property and a guardian, it is the duty of the guardian to apply the income, and, so far as is necessary, the principal of his ward's property, to the maintenance of the ward and his family, under the Pub. Sts. c. 139, § 30.

We are of opinion that these considerations make it necessary to hold that an infant husband is entitled to his own wages, so far as they are necessary for his own support and that of his wife and children, even if he married without his father's consent, and that the ruling of the court was sufficiently favorable to the defendant. Whether sound policy does not require that, in every case in which the marriage is valid, an infant husband should be entitled to all his earnings, need not now be decided.

*Exceptions overruled.*