# Bostick *v.* The State.

## *Vagrancy.*

(Decided April 13, 1911.  55 South. 260.)

1. *Husband and Wife; Abandonment; Evidence.*—Evidence that the mother and sister of defendant's wife, both before and after their marriage, were lewd women and kept a house of ill-fame, was not admissible in an action against the husband for abandonment, as the character of the mother and sister of defendant's wife could not affect the character of the wife, and such evidence was inadmissible under any issue presented.

2. *Same; Defense; Marriage Under Duress.*—Where there had been no effort to annul the marriage, the fact that the husband married his wife under duress, and to escape a prosecution for bastardy, or a release from confinement under such charge, is no defense to a charge of vagrancy.

3. *Witnesses; Impeachment; Chastity.*—Want of personal chastity cannot be shown to affect the credibility of a witness.

4. *Marriage; Duress.*—A marriage performed under duress is not void, but merely voidable.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Clarence Bostick was convicted of vagrancy in that he abandoned his wife without just cause, and he appeals. Affirmed.

D. A. BAKER, for appellant. The marriage being accomplished by duress was open to annullment, and not having been ratified, the fact of duress should have been permitted in evidence.—*Marsh v. Whittington*, 50 South. 326; *Kennedy v. Roberts*, 75 N. W. 363; *Hensinger v. Dyer*, 48 S. W. 912. On these authorities it is insisted that the defendant should have been permitted the benefit of the evidence as to the chastity of the wife, and as to the character of the house kept by her sister and mother.

ROBERT C. BRICKELL, Attorney General, for the State.

DE GRAFFENRIED, J.—There was an indictment against Clarence Bostick under the statute against vagrancy, charging that the defendant, an able-bodied person, did abandon his wife without just cause, and leaving her without means of sustenance, or in danger of becoming a public charge. The defendant pleaded not guilty, and was convicted by the jury, and in default of the payment of the fine and costs was sentenced to hard labor for the county, and the defendant appeals.

There was no conflict in the evidence as to the following: The defendant and Johnnie Bostick, both of whom were then minors, were married to each other in February, 1909; the marriage ceremony being performed by a justice of the peace. A short while before the marriage the defendant was arrested upon a warrant issued by this same justice of the peace, upon the complaint of the said Johnnie Bostick, charging him with bastardy, and he was lodged in jail under this charge. While the defendant was thus in jail, defendant's father told defendant that if he would marry the prosecutrix the bastardy proceedings would be dismissed. The defendant consented to the arrangement, and was taken from the jail to the office of the justice of the peace, where he found the prosecutrix and her mother, and the marriage ceremony was at once performed, and the defendant was then discharged from jail, and the bastardy proceedings dismissed. The defendant was an able-bodied man, and about three months after the marriage the wife was delivered of twins. There was no cohabitation by the husband and wife after the marriage, and the husband, after the marriage, contributed nothing whatever to her support. The wife owned no property, and lived before and after the marriage with her mother,

brother, and sister, and, on account of her pregnancy at the time of her marriage and the birth of her children afterwards, was physically unable to work.

The wife testified that the children were the children of the husband. The husband testified that at no time did he have sexual intercourse with the wife, and that they were not his children. Immediately after the marriage, the wife returned to her mother's home, and, while the husband came to see her that day, he did not remain for the night, but went away, and returned the next morning, and then left, and came back no more. There was evidence that, whenever the defendant went to the house of the wife's mother, the mother-in-law would raise a difficulty with him.

The defendant offered to introduce evidence to show that the mother and sister of the wife, both before and after the marriage, were lewd women and kept a house of ill fame; but, on objection by the solicitor, the court refused to allow such evidence to go to the jury, and the defendant excepted. It is plain that such evidence was illegal. It could not have been allowed for the purpose of impeaching the mother and sister, both of whom testified as witnesses for the state; for it is well settled that want of personal chastity cannot be proven to affect the credibility of a witness. It is equally certain that this testimony was inadmissible for any other purpose. The character or habits of the mother or sister could in no way affect the character of the wife, or in any way affect the duties of the husband to the wife, or throw any material light whatever on any legitimate inquiry before the jury in the case.

It is argued by the defendant that the evidence shows that he married the wife while under duress, and that the true consideration of the marriage was the settlement of a bastardy proceeding and his consequent re-

lease from jail. A marriage obtained under duress is, under all the authorities, not void, but merely voidable. Without determining whether the defendant has the right to invoke the jurisdiction of a court of equity to annul his marriage, it is sufficient for us to say that, so far as the record discloses, there has been no annulment of this marriage by any court, and so far as courts of law are concerned the marriage is valid and binding upon the parties.

When the defendant married, the law cast on him the legal duty of providing for his wife, and the record shows that this duty the defendant has in every way neglected to perform. The court, at the written request of the state, charged the jury that, if they believed the evidence in the case beyond a reasonable doubt, it was their duty to convict the defendant. Under the evidence in this case, this was a proper charge; and it is therefore unnecessary for us to examine any of the special charges asked by the defendant in his behalf.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.