[No. 10967. Department One. March 6, 1913.]

The State of Washington, *Respondent*, v. Gordon McPherson, *Appellant*.[1]

Husband and Wife — Nonsupport — Information — Sufficiency. An information for nonsupport, under Rem. & Bal. Code, § 2444, is sufficient where it follows the language of the statute.

Same — Necessitous Circumstances — Evidence — Sufficiency. Upon a prosecution for nonsupport of a wife there is sufficient evidence of "necessitous circumstances" within Rem. & Bal. Code, § 2444, where it appears that she had been pregnant for five or six months, and had no money and no means to make monthly payments of $10 on her furniture, and left to live with her mother at defendant's direction.

Same—Wilful Neglect—Evidence—Sufficiency. There is sufficient evidence of wilful refusal to support a wife, where the defendant testified that he was earning $9 per week as clerk, and it appears that he represented that he was getting $15 per week and expected a raise, and demurred to his wife's getting a lodging house and keeping roomers, but sent her away to her mother, and he contributed nothing toward her support for three months prior to the trial.

[1]Reported in 130 Pac. 481.

SAME—NECESSITOUS CIRCUMSTANCES — EVIDENCE — ADMISSIBILITY. In a prosecution for nonsupport, evidence of the wife's pregnancy is admissible to prove her necessitous condition.

INFANTS—CRIMES—MINOR HUSBAND—NONSUPPORT. A husband under twenty-one years of age may be punished for nonsupport, under Rem. & Bal. Code, § 2444, making it a criminal offense for a husband to desert or wilfully refuse to support his wife; since he is not subject to trial only as a delinquent child, under Rem. & Bal. Code, §§ 1987-2004, as that act provides that delinquent children may be tried under the criminal code.

HUSBAND AND WIFE—NONSUPPORT—MINOR HUSBAND. Rem. & Bal. Code, § 2444, making it a criminal offense for a husband to desert or wilfully neglect to support his wife, applies to a voidable marriage between minors, until a decree of annulment is entered by a court of competent jurisdiction.

SAME—"NECESSITOUS CIRCUMSTANCES"—INSTRUCTIONS. Under Rem. & Bal. Code, § 2444, providing that "every person who shall wilfully and without lawful excuse desert, or wilfully neglect or refuse to provide for the support and maintenance of his wife . . . being in necessitous circumstances, shall be punished" etc., the words "necessitous circumstances" qualify all the preceding words, and it is error to instruct that the accused would be guilty if (a) he deserted his wife without lawful excuse, or (b) wilfully failed to support her, she being in necessitous circumstances.

SAME—NONSUPPORT—JUDGMENT — MINOR HUSBAND. Upon conviction of wife desertion or nonsupport by a minor husband, a judgment of imprisonment should be limited to the continuance of the marriage state, the marriage being voidable.

INFANTS—CRIMES—PUNISHMENT. Under Rem. & Bal. Code, § 1998, relating to the punishment of delinquent children, a minor husband convicted of nonsupport should be confined apart from adult convicts.

Appeal from a judgment of the superior court for King county, Ronald J., entered May 22, 1912, upon a trial and conviction of wife desertion. Reversed.

*Geo. McKay*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy*, for respondent.

GOSE, J.—The charge against the defendant is that on the 7th day of February, 1912, he wilfully and without law-

ful excuse deserted, and wilfully neglected and refused to
provide for the support and maintenance of, Louise McPher-
son, his wife, she then being in necessitous circumstances.
The verdict was "guilty as charged." A judgment was
thereupon entered, whereby it was ordered and adjudged
that he be punished "by confinement in the county jail of
the county of King" for the term of twelve months, and that
execution of the sentence be stayed on condition that he file
a bond, in the sum of $1,000 with sureties to be approved
by the court, for the payment of $5 weekly to and for the
benefit of his wife. The defendant has appealed.

His first contention is that his demurrer to the information
should have been sustained because of the failure to allege
a continuing neglect. The information follows the language
of the statute and is not vulnerable to a demurrer. Rem. &
Bal. Code, § 2444; 21 Cyc. 1613, 1614. The statute
makes it a crime for the husband wilfully and without lawful
excuse to desert, or to wilfully neglect or refuse to provide
for the support and maintenance of his wife, if she is in neces-
sitous circumstances. This is covered by the information.

It is further contended that there is no evidence that the
wife was in necessitous circumstances. The facts pertinent
to this inquiry are, that the appellant was married to his wife
on the 10th day of December, 1911; that he was 16 years of
age in the month of July preceding; that she was 17 years
of age in the month of October preceding; that they lived
with the wife's mother for a short time, and thereafter lived
in apartments until the 11th day of February, 1912; when
she returned to her mother's home at his command, and that
thereafter she lived with her mother and stepfather, and he
lived with his parents. She testified that she had been preg-
nant five or six months at the time of the separation. When
they left their apartments they had about three days' provi-
sions in the house. The wife testified that she had no money,
and her mother said that the wife had no means to make the
payments upon the furniture, which were $10 per month.

Upon these facts the jury was warranted in finding that the wife was in necessitous circumstances.

It is argued that the evidence does not show a wilful neglect or refusal to provide for the support and maintenance of the wife. The appellant testified, that he was earning $9 per week as a clerk in a department store at the time of the separation; that his salary was not sufficient to meet the necessary family expenses; that his wife promised to do outside work and did not, and that he was driven to the extremity of sending her to her mother. The wife and mother testified that the appellant represented to them that his salary was $15 per week, and the mother said that he told her that he was expecting a raise in his salary. The wife told him that she would get a lodging house and keep roomers, and that her mother would supply such furniture as they needed. To this offer he demurred. Between the date of the separation and the trial three months later, the appellant contributed nothing toward the support of his wife. His confession of his inability to support his wife is not to his credit. It shows a moral cowardice that few young men would confess. The prosecuting attorney very pertinently asked him if he was the only married clerk in the city. The court properly instructed the jury that it is the duty of the husband "to do the best he can" to support and maintain his wife "in the manner suitable to his station and circumstances." He contributed nothing at all to his wife's support, and the jury evidently concluded that he had not done the best he could. The contention that the evidence of the wife's pregnancy was inadmissible is without merit. It was a circumstance tending to prove her necessitous condition.

It is strenuously contended that the statute, Rem. & Bal. Code, § 2444; Laws 1909, p. 946, § 192, does not apply to a husband under 18 years of age, but that he can be punished only as a delinquent child, as defined by Laws 1909, p. 668, § 1 *et seq.*; Rem. & Bal. Code, §§ 1987 to 2004, and in the manner therein provided. Section 12 of this act provides

that a delinquent child may be tried under the provisions of the criminal code. The argument that the abandonment statute under which the appellant was convicted does not apply to a voidable marriage is inherently unsound. The appellant was married by a regularly ordained minister, upon a license issued upon an affidavit of a third party, which falsely stated that the appellant was over 21 years of age. He was married without the knowledge or consent of either of his parents, both of whom were living. Our statute, Rem. & Bal. Code, § 7150, has established the age of matrimonial consent at 21 years in males and 18 years in females. It is provided in § 7164 that a license may be granted if consented to in writing by the father, mother, or legal guardian of the minor, where the female is under the age of 18 years and over the age of 15 years and where the male is under the age of 21 years. Our statute, Rem. & Bal. Code, § 7162, provides that, where either party to a marriage shall be incapable of consenting for want of legal age, the marriage is voidable, but only at the suit of the party laboring under the disability. It follows, we think, that it is the duty of the husband, even though the marriage is voidable, to give his wife such support as his earning ability and circumstances in life will reasonably justify, until there has been a decree of annulment entered in a court of competent jurisdiction. This conclusion is within the principle announced in: *In re Hollopeter*, 52 Wash. 41, 100 Pac. 159, 132 Am. St. 952, 21 L. R. A. (N. S.) 847; *Hunt v. Hunt*, 23 Okl. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202; *Willits v. Willits*, 76 Neb. 228, 107 N. W. 379, 5 L. R. A. (N. S.) 767; *Bostick v. State*, 1 Ala. App. 255, 55 South. 260; *State ex rel. Scott v. Lowell*, 78 Minn. 166, 80 N. W. 877, 79 Am. St. 358, 46 L. R. A. 440; *Town of Northfield v. Town of Brookfield*, 50 Vt. 62.

This view is based upon the principle that, under the statute, the marriage is not void but merely voidable, and until legally annulled is valid for all civil purposes. In the *Hollopeter* case, we said: "The ordinary legal consequences follow

his [the minor's] marriage." In the *Bostick* case, the court said that, when a minor married, "The law cast on him the legal duty of providing for his wife." In the *Willits* case, it is said:

"As before stated the marriage was valid until annulled by the court. Until it was annulled, therefore, the defendant was liable for the expenses of his family and the support and maintenance of his child."

The marriage of a minor emancipates him. *In re Hollopeter, supra;* 1 Bishop, Marriage, Divorce, and Separation, § 557; *Town of Northfield v. Town of Brookfield, supra.*

"The better opinion now is that parties marrying before the age of consent may dissent to the marriage within nonage, and thus avoid it *in toto.*" Tyler, Infancy and Coverture (2d ed.), § 81.

See, to the same effect: 2 Parsons, Contracts (9th ed.) p. 83; *Eliot v. Eliot,* 77 Wis. 634, 46 N. W. 806, 10 L. R. A. 568; *State v. Lowell, supra.* The reason for the rule is thus stated in the *Eliot* case:

"If the plaintiff had capacity to become a party to such imperfect and inchoate or conditional marriage, he should have capacity to disaffirm it at any time thereafter, before it has ripened into an absolute marriage, by invoking the authority of the court to annul it under the statute. No good reason is perceived why the parties should be compelled to remain in so unfortunate a position until the plaintiff becomes eighteen years of age."

The opinion of this court in the *Hollopeter* case is based on this principle. The right to annul such a marriage is given by statute, and this construction will more nearly protect the right than the construction contended for by the appellant, *i. e.,* that the right is unavailing during non-age. In *State v. Lowell, supra,* it was held that the marriage of a minor above the age of consent established by the common law—14 years for males and 12 years for females—emancipates the child from the custody of the parent, is voidable only, and must be treated as valid for all civil purposes until annulled by judi-

cial decree at the election of the party under age of legal consent, "to be exercised at any time before reaching such age or afterwards if the parties have not voluntarily cohabited as husband and wife."

The court instructed the jury: (a)  "So, the question in this case is: Did this defendant desert his wife without lawful excuse? If he did, he is guilty," and (b)  "If you find that he has not wilfully failed to support and maintain her, she being in necessitous circumstances, then you will find him not guilty. If you find he has failed wilfully, she being in necessitous circumstances, then you will find him guilty as charged." The statute, Rem. & Bal. Code, § 2444, upon which the charge is rested, provides:

"Every person who shall wilfully and without lawful excuse desert, or wilfully neglect or refuse to provide for the support and maintenance of his wife, or child under the age of sixteen years, either said wife or child being in necessitous circumstances, shall be punished," etc.

The words "being in necessitous circumstances" qualify all the preceding words in the section. Desertion alone is not a crime, it is only a crime when it is wilful and without lawful excuse and the wife or a child under the age of 16 years is left in necessitous circumstances. The clause of the instruction last quoted covers the whole law of the case. The record shows that the appellant claimed immunity from liability to support on two grounds: (1)  because the marriage is voidable, and (2) because of his inability to support his wife. As we have seen, neither of these grounds is tenable as a matter of law. The instruction first quoted was wrong and the second instruction was right. They are in direct conflict and irreconcilable, and for this error the appellant is entitled to a reversal.

In view of the fact that there will probably be a new trial, we desire to say that the judgment of the court should have been limited in point of time. It should not have gone beyond the continuance of the marital state. Section 11 of Laws of

1909, p. 674, ch. 190 (Rem. & Bal. Code, § 1998), relating to the punishment of delinquent children, provides:

"When any child shall be sentenced to confinement in any institution to which adult convicts are sentenced, it shall be unlawful to confine such child in the same building with such adult convicts, or to confine such child in the same yard or inclosure with such adult convicts, or to bring such child into any yard or building in which such adult convicts may be present."

This clause should be embodied in any judgment hereafter entered in this case.

For the reasons stated, the judgment is reversed.

CROW, C. J., MOUNT, PARKER, and CHADWICK, JJ., concur.