# Gobel v. The State.

### Vagrancy.

(Decided August 1, 1916.   Rehearing denied September 7, 1916.
72 South. 756.)

1. **Witnesses; Competency; Husband and Wife.**—In a prosecution for vagrancy for abandonment of husband or wife after marriage, either party is competent to testify as a witness against the other.

2. **Vagrancy; Desertion; Justification.**—While misconduct of the wife after marriage, but before abandonment, would justify or excuse the abandonment, misconduct of the wife after abandonment constitutes no such excuse or justification.

3. **Witnesses; Impeachment; Specific Acts.**—Specific delinquencies or acts cannot be shown to affect the credibility of a witness.

4. **Vagrancy; Desertion.**—Where a defendant is being prosecuted for vagrancy for deserting his wife, he cannot show that he married under duress.

5. **Same.**—The evidence examined and held sufficient to require a submission to the jury of the question of defendant's guilt vel non.

6. **Same; Instructions.**—A charge that if, after defendant married his wife, and while they were living together, she was guilty of improper conduct, and defendant abandoned her after such improper conduct and because thereof, the jury should acquit, was abstract under the evidence in this case.

7. **Same.**—Where the evidence of improper conduct on the part of the wife was excluded, a charge making such improper conduct a justification for the abandonment by the husband, was properly refused.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

(Ed. Note—This cause was reviewed by the Supreme Court on certiorari, and the writ denied.   See *Ex parte Gobel v. State,* 198 Ala. 701, 73 South. 1000.)

Lin Gobel, alias Lin Goble, etc., was convicted of vagrancy, and he appeals.   Affirmed.

The facts sufficiently appear.   Charge B refused to defendant is as follows:

(B) If you find from the evidence in this case that after defendant married his wife, and while they were living together, that the wife of the defendant committed an act of adultery, and that the defendant abandoned her after said act of adultery and

[Gobel v. The State.]

because of such conduct on her part, then you cannot find the defendant guilty.

(C) If the jury find from the evidence in this case, after considering all the evidence, that the defendant abandoned his wife because she slept with Charley Duncan, or because of her conduct with any other person, then you cannot find the defendant guilty under this indictment.

E. O. McCord, for appellant. W. L. Martin, Attorney General, and Harwell G. Davis, Assistant Attorney General, for the State.

BROWN, J.—The defendant was convicted of vagrancy. The specific charge against him was abandonment of his family without just cause, leaving them without sufficient means of subsistence or in danger of becoming a public burden.

The evidence shows that the defendant and the witness Myrtle Goble were married on the 26th of January, 1914, about 8 o'clock; that the defendant stayed with his wife until about 12 o'clock of that night, and left her without means of support; that he was a healthy, able-bodied man. The evidence further tends to show that at the time of the marriage Myrtle was pregnant with child, and that defendant was responsible for her pregnancy. The child was born after the marriage, and at the time of the trial was 21 months old, and the mother then only 16 years of age. The evidence further tended to show that the defendant had contributed nothing to the support of his wife and child.

(1) The wife was a competent witness, and the ruling of the court allowing her to testify against the defendant was free from error.—*Carnley v. State,* 162 Ala. 95, 50 South. 362; Acts 1915, p. 942.

(2) Misconduct of the wife subsequent to the abandonment by the defendant afforded no excuse or justification for his criminal conduct in abandoning his wife and child. One of the beneficent purposes of the law is to protect the wife from becoming a public burden and nuisance, and the defendant cannot be allowed to take advantage of a condition that his conduct has probably brought about. Of course, if it was shown that the wife was guilty of misconduct after the marriage and before abandonment, subsequent misconduct of like character would

tend to illustrate and shed light on previous acts and would be admissible.—*Hall v. State,* 100 Ala. 87, 14 South. 867. No such misconduct was shown in this case, and the rulings of the court in this respect were free from error.

(3, 4) Specific delinquencies cannot be shown for the purpose of affecting the credibility of a witness.—*Bostick v. State,* 1 Ala. App. 255, 55 South. 260. It was not permissible for the defendant to show that he married the witness Myrtle under duress.—*Bostick v. State, supra.*

(5) The affirmative charge was well refused.—*Finney v. State,* 10 Ala. App. 39, 65 South. 93.

(6) The evidence shows that the defendant abandoned his wife on the same night they married, and there was no evidence showing or tending to show that she was guilty of misconduct while they were living together." Charge B was abstract.

(7) Charge C was likewise properly refused. The alleged misconduct with Duncan was after the abandonment, and was excluded by the court.

We find no error in the record, and the judgment is affirmed. Affirmed.