(76 South. 477)

McKINNON v. STATE. (4 Div. 517.)

(Court of Appeals of Alabama. June 12, 1917.)

HUSBAND AND WIFE ☞305 — ABANDONMENT —JUSTIFICATION.

Where the wife was pregnant at the time of the marriage, without the knowledge, agency, or consent of defendant, it afforded just cause for abandonment of the wife and child, in view of Code 1907, § 3794, making pregnancy of wife at time of marriage, without husband's knowledge or agency, ground for divorce.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Aubrey McKinnon was convicted, and he appeals. Reversed and remanded.

J. E. Z. Riley, of Ozark, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J. The indictment charges that "Aubrey McKinnon, an able-bodied person, did abandon his wife and children, or one or the other of them, *without just cause*, leaving them, or one or the other of them, without sufficient means of subsistence or in danger of becoming a public charge." The wife of the defendant was examined as a witness in behalf of the state, and testified that the defendant's family consisted of the witness and one child; that defendant and the witness were married in November, 1914; that defendant remained with her one night and abandoned her; that the child was born in June, 1915; and that the defendant was the father of her child. On cross-examination, the defendant offered to show, by proper questions propounded to her, that the witness was pregnant at the time of the marriage, and that Dan Baxter was the father of the child; that such pregnancy was without his knowledge, agency, or consent. If this was true, it was cause for a divorce, and afforded just cause for defendant's abandonment of the witness. Code

1907, § 3794; Carney v. State, 84 Ala. 7, 4 South. 285; Hall v. State, 100 Ala. 87, 14 South. 867; Gobel v. State, 15 Ala. App. 178, 72 South. 756.

It is true that the witness testified that the defendant was the father of her child; but we cannot assume that she would not have changed her testimony under cross-examination, the purpose of which was to test the credibility of her testimony. The court committed reversible error in sustaining the solicitor's objection to questions eliciting evidence along the line above indicated, and for this error the judgment is reversed, and the cause remanded.

Reversed and remanded.