## TOWN OF MILFORD
### vs.
## TOWN OF GREENWICH

Superior Court      New Haven County      File No. 54854

MEMORANDUM FILED JUNE 27, 1939.　　126 Conn. 340

*Omar W. Platt,* of Milford, for the Plaintiff.

*H. Allen Barton,* of Greenwich, for the Defendant.

QUINLAN, J. ¡The questions presented by this case arise from the following state of facts. On May 6, 1931, the Town of Milford commenced to provide for the support of Francis Tekin and Ellis Tekin and continued such support until March 26, 1937. The Town of Milford during said period expended the sum of $3,060 for the support of said children. Said children at the time support was commenced resided in the Town of Milford but were not paupers chargeable to said town. Francis was born in Bridgeport on August 20, 1929, and Ellis was born in Milford on October 14, 1930. The father of the children, Francis G. Tekin, was born on May 8, 1911, the son of Gabriel Tekin. The settlement of Gabriel Tekin up to September 4, 1925, was in the City of Bridgeport. On or about that date he removed to Greenwich and remained there continuously until 1931, during which time he maintained his family and himself without becoming chargeable to said town and without having received aid from any other town.

On April 29, 1931, due notice was given to the Town of Greenwich of the condition of said children and an itemized statement of the expense incurred was rendered to said town at least once every six months during the period such expense was being incurred, as provided by statute.

It is the fundamental law that when a person not an inhabitant of the town in which he resides shall become poor and unable to support himself, the selectmen of such town shall furnish him with necessary support as soon as his condition shall come to their knowledge (Gen. Stat. [1930] §1702, now Cum. Supp. [1935] §663c).

Accordingly, I find that upon the evidence the selectmen had no alternative but to provide the necessary support under said

section 1702, as amended, regardless of the town ultimately found liable.

Did these pauper children, then, have a settlement in the Town of Greenwich, so as to entitle Milford to recover from Greenwich under section 1704 of the General Statutes, Revision of 1930? It may be conceded that the paupers were minors and could not acquire a settlement of their own until after coming of age (*Harrison vs. Gilbert,* 71 Conn. 724, 727), and the proposition that an unemancipated child is presumed to be still under the control of his parent, and cannot acquire a settlement in his own right, is sound. *Plainville vs. Milford,* 119 Conn. 380, 385.

At the time support was furnished in this case the paupers took by derivation the settlement of their father, said Francis G. Tekin, who was a minor at the time of the birth of both children and he (the father of the children) would take the settlement of his father, Gabriel Tekin, by derivation.

Gabriel Tekin resided in Greenwich under the circumstances and for the period of time hereinbefore stated, and while I am of the opinion that Gabriel Tekin acquired a settlement in Greenwich, he did not acquire a settlement there prior to the marriage of his son, Francis G. Tekin.

A minor is emancipated if placed in a new relation inconsistent with the former relation as part of his parent's family. *Plainville vs. Milford, supra,* 384.

In my view of the case the circumstances of the early life of Francis G. preceding his father's removal to Greenwich is immaterial, because the case is decided flatly on the propositions hereinafter stated.

Francis G. Tekin was married on August 14, 1929. On that date Gabriel Tekin, the father of Francis G., had not acquired a settlement in Greenwich but was a settled inhabitant of Bridgeport, and Francis would derive that settlement. It is my conclusion that the marriage of Francis G. Tekin accomplished an emancipation.

*Atwood vs. Holcomb,* 39 Conn. 270, 274 (1872): "So too by marrying during minority a daughter is freed from all legal obligation to labor for her father." *Plainville vs. Milford, supra.*

1 *Williston, Contracts* (1920) §225: "The marriage of a minor also effects his emancipation."

*Commonwealth vs. Graham*, 157 Mass. 73, 75, 16 L.R.A. 578, 580: "It seems to be settled that the marriage of a minor son, with the consent of his father, works an emancipation, and it is not clear that the marriage of a minor son without his father's consent does not have the same effect." *Held* that lack of parent's consent is immaterial.

46 C.J., *Parent and Child*, §197, p. 1345. "It is well settled that emancipation may result from the marriage of the minor. The reason advanced is that marriage creates relations inconsistent with the child's subjection to the control and care of the parent. It has been held that emancipation results, even though the parent did not consent to the marriage of the child; but, on this point, there is some authority to the contrary."

46 C.J., *Parent and Child*, §197, p. 1345: "It is well settled that the marriage of a minor child with the consent of the parent works an emancipation of the child," citing *Bucksport vs. Rockland*, 56 Me. 22.

But all authorities agree that marriage emancipates the child. It is a new relation inconsistent with subjection to the control and care of the parent. The husband becomes the head of a new family. His new relations to his wife and children create obligations and duties which require him to be the master of himself, his time, his labor, earnings and conduct. He can no longer be subject to the control of his parents. *Sherburne vs. Hartland*, 37 Vt. 528, 529 (this case involved a pauper, and the question of establishing a settlement). To a similar effect are *Commonwealth vs. Graham*, 157 Mass. 73, 16 L.R.A. 578; *Inhabitants of Charlestown vs. Inhabitants of Boston*, 13 Mass. 468; *Craftsbury vs. Greensboro*, 66 Vt. 585; *Fremont vs. Sandown*, 56 N.H. 300.

Judgment for the defendant.