[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (118) DEFENDANT'S MOTION TO MODIFY AND (128) PLAINTIFF'S MOTION FOR CONTEMPT
On several dates this court heard oral argument concerning the two above-mentioned pendente lite motions in this matter.
(118) DEFENDANT'S MOTION TO MODIFY PENDENTE LITE ORDER OFCHILD SUPPORT DATED OCTOBER 23, 1997.
The writ of summons and complaint commencing this action and ten motions were served upon the defendant on September 2, 1997. The return date was September 16, 1997.
At the time the motions were heard by the court on September 23, 1997, the defendant had not yet filed an appearance by counsel or by himself and he was not present when the motions were argued and the orders entered.
The court (Moran, J.) adopted the support guidelines worksheet prepared by the plaintiff's attorney in determining the pendente lite support order. It stated that the plaintiff's net weekly income was $380.00; that the defendant's net weekly income was $518.00; that the combined net weekly income was $900.00 that the total support obligation was $209.00; and that the defendant's (58%) share of that obligation was $121.00.
By this motion, the defendant seeks to obtain a reduction in his support obligation based on his claim that the order was predicated upon a finding that his gross weekly income was $640.00 per week when in fact it was only $189.06 at that time.
During the hearing on the motion he filed two financial affidavits indicating that his net weekly income was $156.27 and, subsequently, $155.01.
The evidence and testimony provided an explanation for the $16.00 per hour income of the defendant as found by Judge Moran. The plaintiff offered testimony through a witness who testified that two years ago he had told the defendant that if he applied, he could be hired at the witness' place of employment (Tilcon) for $16.00, but that the defendant never made an application for such employment. The witness later conceded that he was not the CT Page 11045 personnel director of that company and had no authority to hire the defendant or to even represent to the defendant that he would be hired if he only applied.
The defendant conceded that during the previous five years he held construction jobs paying $10.00 per hour and $11.00 per hour.
Earning capacity is an amount that a person can realistically be expected to earn considering his skills, age and health. Carey vs. Carey, 7 CSCR 240 (Waterbury 1992).
When a change in earnings occurred but not a change in earning capacity, modification was denied. Logan vs. Logan13 Conn. App. 298 (1988).
The defendant's testimony throughout the proceedings was consistently incredible concerning his assets, his expenses, his skills, his health, and his claimed inability to earn more than $6.00-$7.00 per hour through temporary labor placements.
The court finds that the defendant's earning capacity is no less than $11.00 per hour and further finds that he has intentionally failed to exploit that earning capacity and that he has been underemployed both as to his hourly income and his hours of employment.
The court finds that the defendant's earning capacity is $440.00 per week and that his net weekly income is approximately $360.00 per week.
The combined net weekly income is therefore found to be $740.00 and the support obligation $184.00. The defendant's share of that obligation is found to be $90.00 per week.
The court grants the defendant's motion to modify his support obligation. The court, in its discretion, denies the defendant's request to apply this reduction retroactively. The parties are directed to calculate any arrearage or credit as of the time of trial.
(128) PLAINTIFF'S MOTION FOR CONTEMPT DATED NOVEMBER 18, 1997.
Based on the evidence and testimony, the court finds that the defendant has knowingly and willingly failed to obey the order of CT Page 11046 the court (Moran, J.) requiring him to pay $121.00 per week as pendente lite child support. The fact that the order was excessive and was properly the subject of a motion to modify it did not permit the defendant to fail to comply. The defendant did not establish an inability to comply with that order.
Having found the defendant to be in contempt, the court orders him to contribute the sum of $1,600.00 to the plaintiff's counsel fees incurred as a result of this motion.
The court defers to the trial court for additional sanctions, noting that the trial is imminent in this case. Should the trial court direct otherwise, this matter shall be referred back to the undersigned for possible additional sanctions.
By the Court
Joseph W. Doherty, Judge