Donald CHRISTENSON, Petitioner,

v.

Tanya TANNER, Respondent.

No. CS92–4039.

Family Court of Delaware, Sussex County.

Submitted: March 06, 2009.
Decided: May 26, 2009.

Donald Christenson, Pro Se, Georgetown, DE.

Tanya Tucker, Pro Se, Georgetown, DE.

OPINION

JONES, J.

Pending before the Court is a Petition for Custody, filed by Donald Christenson [1]

<hr />

1. Pseudonyms have been substituted for the names of the parties pursuant to Supreme Court Rule 7(d).

("Father") against Tanya Tanner ("Mother") on October 14, 2008, regarding the parties' 16-year-old daughter, Carla (d.o.b. 1992). Mother filed an Answer on November 10, 2008, opposing Father's Petition. Father's Petition requested that the Court award the parties joint custody of Carla and award primary placement to Father. A pre-trial hearing was held on this matter on March 6, 2009, and a hearing is currently scheduled for July 7, 2009.

### Background

Prior to the filing of the Petition currently before the Court, Mother had custody of Carla and Father had visitation, pursuant to an Order of this Court entered on February 12, 1993. Although the full hearing on this Petition has not yet occurred, the Court is prepared to issue an Order at this time due to facts that arose during the pre-trial hearing in March.

Prior to the pre-trial hearing, Mother and Father attended mediation and both parties agreed that Father would have custody of Carla and Mother would have visitation. Although the parties had come to an agreement, the matter was referred to this Court because Father had certain criminal convictions on his record. At the March 6 pre-trial hearing, the Court was satisfied that Carla would not be in danger if she were to be placed with Father. At the hearing, Carla objected to the arrangement that had been reached at mediation and stated that she would refuse to agree to any custody arrangement that required Carla to visit Mother at Mother's home. Carla alleged that Mother's boyfriend had sexually molested Carla. Additionally, Carla revealed to the Court that, two days prior to the hearing, Carla had traveled to Virginia and had married her 25-year-old boyfriend with Father's consent.[2]

Subsequent to this hearing, the Court issued an Order on March 9, 2009, providing that the parties would enjoy temporary joint custody of Carla and Father would enjoy temporary placement of Carla. In addition, the Court ordered that Mother's visitation was temporarily stayed pending further order of the Court. However, after further research, the Court has determined that it is appropriate to vacate its March 9 Order and dismiss not only Father's Petition for Custody, but any and all petitions and/or motions relating to matters of custody and visitation of Carla. This decision is based on the Court's determination that Carla has been emancipated from the care, custody, and control of her parents as a result of her marriage.

### Legal Standard

The specific issue of whether the marriage of a minor causes the minor to be emancipated from the care, custody, and control of her parents is an issue of first impression in the Delaware Courts, so there is no generally accepted legal standard for the Court to use.

### Findings and Conclusions

In 1999, the Family Court of Delaware held that it lacked subject matter jurisdiction to address a minor child's petition for emancipation in the absence of legislation specifically granting it the authority to do so.[3] However, this decision did not address the issue of whether the marriage of

---

2. The Court notes that Carla's marriage is a legal marriage in Virginia. "If any person intending to marry is under eighteen years of age and has not been previously married, the consent of the father or mother or guardian of such person or persons shall be given." Va. Code Ann. § 20–49 (1993). Father testified that he consented to the marriage, which is all that is required under the *Virginia Code.*

3. *S.L. v. A. and Sh. L.,* 735 A.2d 433 (Del.Fam. Ct.1999).

a minor causes her to be emancipated as a matter of law.

In finding that the Family Court did not have jurisdiction to hear a minor's petition for emancipation, the Court in *S.L. v. A. and Sh. L.* noted that the *Delaware Code* did not provide a definition for "emancipation" or for "emancipated minor"; the legal definition from Black's Law Dictionary was the only definition available at that time. The *Delaware Code* has since been amended to include a definition of "emancipated minor", but the definition is not found in Title 13. Rather, the definition is located in Title 24, in the Parental Notice of Abortion Act. " 'Emancipated minor' means any minor female who is or has been married or has, by court order or otherwise, been freed from the care, custody and control of her parents or any other legal guardian." [4] While the legislature likely did not intend that this definition would apply to the issue of emancipation by marriage, given the location of the definition in the Parental Notice of Abortion Act, as well as the fact that only females are mentioned in the definition, the Court does find it significant that the legislature specifically categorized married females as emancipated minors.

Since Delaware law offers minimal assistance with this issue, the Court looks to the laws of the other jurisdictions for additional guidance. Several states, including Nevada,[5] Iowa,[6] Kansas,[7] Nebraska,[8] California,[9] Florida,[10] Michigan,[11] West Virginia,[12] Wyoming,[13] and Utah,[14] have statutory provisions either stating directly that the marriage of a minor emancipates the minor or that the marriage of a minor causes the minor to attain the status of majority. Connecticut and Virginia each have a statute providing that the court have the authority to find that a minor is emancipated should the court find that the minor has entered into a valid marriage.[15]

Case law in several other states supports the common law principle that the marriage of a minor has the effect of emancipating the minor as a matter of law.[16] Many of these states base their decisions on the fact that a fundamental change occurs in the familial relationship once the child marries. When a person,

4. Del.Code Ann. tit. 24, § 1782(3) (2005).

5. Nev. Rev. Stat. § 129.080 (1987).

6. Iowa Code Ann. § 599.1 (1993).

7. K.S.A. 38–101 (1978).

8. Neb. Rev. St. § 43–2101 (1988).

9. Ann. Cal. Fam.Code § 7002 (1994).

10. Fla. Stat. Ann. § 743.01 (1997).

11. M.C.L.A. 722.4 (1999).

12. W. Va.Code, § 49–7–27 (1977).

13. W.S. 1977 § 14–1–201 (1990).

14. U.C.A.1953 § 15–2–1 (1975).

15. C.G.S.A. § 46b–150b (1998); Va.Code Ann. § 16.1–333 (1986).

16. *Kirkpatrick v. The Eighth Judicial District Court of Nevada*, 119 Nev. 66, 64 P.3d 1056, 1058 (2003); *Fran W. v. Terry W.*, 96 Cal. App.4th 1293, 118 Cal.Rptr.2d 42, 46 (2002); *In the Interest of H.G.*, 601 N.W.2d 84, 86 (Iowa 1999); *In re Pace*, 26 Kan.App.2d 538, 989 P.2d 297, 298 (1999); *Williams v. Patton*, 796 S.W.2d 526 (Tex.App.1990); *Green v. Green*, 447 N.E.2d 605, 609–610 (Ind.Ct.App. 1983); *French v. French*, 599 S.W.2d 40, 41 (Mo.Ct.App.1980); *N.J. D.Y.F.S. v. V.*, 154 N.J.Super. 531, 381 A.2d 1241, 1243–1244 (N.J.Juv. & Dom.Rel.1977); *State v. Austin*, 160 W.Va. 337, 234 S.E.2d 657, 663 (1977); *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E.2d 753, 758 (1965); *Holman v. Holman*, 35 Tenn.App. 273, 244 S.W.2d 618, 620 (1951); *Milford v. Greenwich*, 7 Conn.Supp. 238, 1939 WL 919, at *2–3; *Lundstrom v. Mample*, 205 Minn. 91, 285 N.W. 83, 85 (1939); *Klinebell v. Hilton*, 1924 WL 2202, at *2 (Ohio Com. Pl.); *Aldrich v. Bennett*, 63 N.H. 415, 1885 WL 3218, at *1.

regardless of whether he or she is a child, marries, a new family is formed. The person's spouse becomes his or her immediate family. The person's primary duty of care and support is now owed to the spouse, not to the parents. Therefore, it logically follows that the marriage of a minor has the effect of emancipating the minor as a matter of law.[17]

The Court finds *Kirkpatrick v. The Eighth Judicial District Court of Nevada* particularly helpful. In *Kirkpatrick*, a 15–year–old female, who was a resident of New Mexico, traveled to Nevada to marry a 48–year–old man. The mother of the minor consented to the marriage, but the father did not. Father sought a restraining order in New Mexico, which was originally granted and then rescinded based on the finding that the marriage was valid in Nevada and that the minor "was emancipated as a result of the marriage."[18] The Court noted,

> At common law, marriage is generally sufficient to constitute emancipation ... Although NRS 129.080 provides that a child "who is at least 16 years of age, married or living apart from his parents ... may petition the ... court ... for a [judicial] decree of emancipation," this statutory provision does not expressly abrogate the common law effect of mar-

riage as emancipating a minor. It does not appear that judicial action is required for emancipation to occur.[19]

The Nevada Supreme Court affirmed the common law principle that the marriage of a minor has the effect of emancipating the minor as a matter of law and requires no judicial action to affirm the emancipation.

The Court notes that Delaware follows the common law unless it has been changed by statute.[20] Our Legislature has not enacted any law governing the question of whether the marriage of a minor emancipates the minor, indicating that Delaware still follows the common law rule on this issue. This fact, along with the plethora of statutory law and case law from several other jurisdictions that agree with the holding in *Kirkpatrick*, have convinced this Court that the marriage of a minor emancipates the minor from the care, custody, and control of his or her parents as a matter of law. Therefore, since Carla is emancipated as a result of her marriage, Father's Petition for Custody is dismissed and the Court's Order of March 9, 2009 is vacated.

**IT IS SO ORDERED.**

---

**17.** *Green*, 447 N.E.2d at 609–610; *French*, 599 S.W.2d at 41; *N.J. D.Y.F.S.*, 381 A.2d at 1243–1244; *Austin*, 234 S.E.2d at 663; *Gillikin*, 139 S.E.2d at 758; *Holman*, 244 S.W.2d at 620; *Milford*, 7 Conn.Supp. 238, 1939 WL 919, at *2–3; *Lundstrom*, 285 N.W. at 85; *Klinebell*, 1924 WL 2202, at *2, *Aldrich*, 63 N.H. 415, 1885 WL 3218, at *1.

**18.** *Kirkpatrick v. The Eighth Judicial District Court of Nevada*, 119 Nev. 66, 64 P.3d 1056, 1058 (2003).

**19.** *Kirkpatrick v. The Eighth Judicial District Court of Nevada*, 119 Nev. 66, 64 P.3d 1056, 1058, n. 3 (2003) (citing 1 Donald T. Kramer, *Legal Rights of Children* § 15.04, at 672 (2d ed. 1994)).

**20.** *Wilson v. State*, 305 A.2d 312, 317 (Del. 1973).