R. M. BROWNING, a Minor, etc., *Appellant*, V. BEATRICE
L. BROWNING, *Appellee*.

No. 18,011.

SYLLABUS BY THE COURT.

1. MARRIAGE—*Of Minor Without Parent's. Consent—No Ground
for Annulment of Marriage.* A statute forbidding under
criminal penalties the performance of a marriage ceremony
without the issuance of a license, and the issuance of a license
for the marriage of a minor without the consent of the parent
or guardian, does not authorize the annulment of a marriage
entered into by a minor without such consent.

2. ———— *Same.* Such a statute does not bring a minor within
the operation of a provision authorizing the annulment of a
marriage, either party to which is incapable, from want of
age, of contracting it.

3. DIVORCE—*Grounds—Concealment of Prior Unchastity—False
Representations as to Prior Divorce.* Ordinarily the conceal-
ment by a woman of her prior unchastity is not a ground
either for the annulment of her marriage or the granting of a
divorce, but where a woman of thirty induces a boy of nine-
teen to marry her, without the knowledge or consent of either
parent or guardian, representing to him that she had been
divorced from a former husband when in fact he had pro-
cured a divorce from her on the ground of adultery, her con-
duct constitutes fraud for which a divorce may be granted.

4. ———— *Allegation—Wife Not Divorced from Former Hus-
band—Good Against Demurrer.* An allegation that a wife
had not been divorced from a former husband, as against a
demurrer, will be construed as intended to mean that such
husband was still living, although no direct statement is made
to that effect.

5. ———— *Former Husband Living and Undivorced.* The fact
that at the time of her marriage a wife had a former husband,
living and undivorced, is a ground for a decree of nullification.

Appeal from Woodson district court. Opinion filed
March 8, 1913. Reversed.

*S. C. Holmes*, of Yates Center, for the appellant.
*G. R. Stephenson*, of Yates Center, as *amicus curiæ*.

Browning v. Browning.

The opinion of the court was delivered by

MASON, J.: R. M. Browning brought an action to annul the marriage which had taken place about a year before between himself and Beatrice L. Browning, on the ground that it was entered into during his minority, without the knowledge or consent of his parent or guardian, in violation of the statute. A demurrer to his petition was sustained, whereupon it was amended by the addition of other grounds. The trial court held the amended petition to be insufficient, and the plaintiff appeals.

The statute provides that "the marriage relation shall only be entered into, maintained or abrogated as provided by law." (Gen. Stat. 1909, § 4855.) It is made a misdemeanor for any one empowered by law to join others in marriage to do so without a license therefor having been issued by a probate judge. (§ 4858.) The issuance of a license for the marriage of a minor is forbidden, except with the consent of the father, mother or guardian. (§ 4859.) The statute does not declare that the marriage of a minor entered into without the consent of the parent or guardian is void, and in the absence of a provision to that effect such legislation is construed as intended to prevent such marriages as far as possible, but not to avoid them if they are once entered into. The general acceptance of this rule is shown by the following expressions, and by the cases cited in their support:

"In nearly all of the states of the Union the marriage laws require the consent of parents or guardians before the marriage license is issued to minors, and impose penalties upon the officers issuing a license or conducting a marriage ceremony without such consent. Such statutes are merely directory, and do not render void a marriage without such consent." (19 A. & E. Encycl. of L. 1191.)

"Unless the statute expressly declares a marriage contracted without the necessary consent to be a

nullity, it is to be construed as only directory in this respect, so that the marriage will be valid, although the disobedience to the statute may entail penalties on the licensing or officiating authorities." (26 Cyc. 835.)

"It is a well-settled general rule, that the effect of statutes prohibiting clergymen or magistrates from marrying minors without the consent of their parents or guardians, or forbidding the issuance of marriage licenses without such consent, and prescribing a penalty in case of violation thereof, is not to render such marriage void when solemnized without the required consent, the statutes being regarded as directory only, in the absence of any provision declaring such marriages absolutely void." (Note, 17 A. & E. Ann. Cas. 94.)

"Statutes regulating the marriage of minors generally provide, in addition to the period of disability created by fixing the age of consent for the parties themselves, a period during which the consent of parents is required before the marriage can take place. Statutory provision is sometimes made allowing parents or one of the parties to avoid such a marriage by means of judicial interposition; but, where the statute is merely prohibitory, it has been generally held that a marriage contracted without the required parental consent is not void because of the fact that such consent was not obtained, in other words, the consent of parents is not necessary to the validity of the contract." (Note, 22 L. R. A., n. s., 1206.)

The act already referred to, in the case of a groom under seventeen years of age, or of a bride under fifteen, requires the consent of the probate judge, as well as the parent or guardian, but we have no statute fixing the age at which persons are capable of entering into the marriage relation. The common law, therefore, governs, the ages being fourteen and twelve respectively. That it was not the legislative purpose to nullify marriages entered into by minors in violation of the sections of the statutes referred to appears from the different language used with respect to marriages between persons within the forbidden degrees

or relationship, which are declared to be absolutely void. (Gen. Stat. 1909, § 4856.) The statute relating to the annulment of marriages reads:

"When either of the parties to a marriage shall be incapable, from want of age or understanding, of contracting such marriage, the same may be declared void by the district court, in an action brought by the incapable party." (Civ. Code, § 677.)

It is obvious that when this statute was enacted the phrase "incapable from want of age" referred to the age of consent to marriage as fixed by the common law, since there was then no statute whatever relating to the age of the groom or bride. In forbidding the issuance of a license for the marriage of a minor without the consent of the parent or guardian the legislature is to be regarded, for the reasons already indicated, as intending to prevent minors from the improvident exercise of the power to enter the marriage relation, rather than to deprive them of the capacity to do so. The ruling of the trial court in sustaining the demurrer to the original petition is therefore approved.

The amended petition contained additional allegations which may be thus condensed: At the time of the marriage the plaintiff was nineteen years of age, the defendant thirty; she had been married at least twice before; she was not of good moral character, the plaintiff being ignorant of this; he had been acquainted with her but a short time and knew nothing of her character excepting what he had learned from her; she told him she had left her second husband and obtained a divorce from him, when in fact, as the plaintiff afterwards learned, her second husband had obtained a divorce from her on the ground of adultery; she had been arrested at different times for conduct unbecoming a lady; during her married life with the plaintiff she received letters and had correspondence with other men and received money from them; the defendant induced plaintiff to marry her, taking advantage of his youth;

she only entered into the marriage for the purpose of getting the plaintiff to support her until she could find some other companion who would suit her better.

The plaintiff contends that the facts so pleaded are sufficient to justify the annulment of the marriage on the ground of fraud. The fact that the statute enumerates certain grounds for annuling a marriage does not imply that no others exist. (*Powell v. Powell,* 18 Kan. 371, 26 Am. Rep. 774.) Fraud has been held to be a ground of annulment, even where, as in this state, it is made a cause of divorce. (*Foss v. Foss,* 94 Mass. 26.) But the grounds upon which, because of fraudulent representations, a marriage may be annulled or a divorce granted are very different from those justifying the setting aside of an ordinary contract. The most serious charge contained in the amended petition is the concealment of the fact by the defendant that her former husband had obtained a divorce because of her adultery. It must be regarded as the settled law, being determined by the great weight of authority, that the concealment by a woman of her previous unchastity is not sufficient to justify either an annulment of the marriage or the granting of a divorce. This sufficiently appears from the following texts, and the notes thereto:

"Fraud which vitiates the marriage contract is cause for its annulment. But the fraud or falsehood must be one which goes to the very fundamentals or essentials of the marital relation; deceit, concealment, or misrepresentation concerning the party's health, character, wealth, social position, previous history or habits, is not sufficient for this purpose, except perhaps in New York, where the rule has been broadly laid down that every misrepresentation of a material fact, made with intent to induce the other party to enter into the marriage contract, and without which it would not have been made, authorizes its annulment." (26 Cyc. 905.)

"The concealment by the wife of the fact that she had committed fornication before marriage is not fraud constituting ground for divorce." (14 Cyc. 595.)

"The degree of fraud sufficient to vitiate an ordinary

contract will not afford sufficient ground for the annulment of a marriage. It is not sufficient that the party relied upon the false representations and was deceived, or that important and essential facts were concealed with intent to deceive. The marriage relation is a status controlled and regulated by considerations of public policy which are paramount to the rights of the parties. . . . . It is contrary to public policy to annul a marriage for concealment by a woman of her unchastity prior to marriage. Antenuptial incontinence is not a ground for annulment or for divorce." (19 A. & E. Encycl. of L. 1184, 1185.)

"Not even does the concealment of previous unchaste and immoral behavior in general vitiate a marriage; for although this seems to strike into the essence of the contract, yet public policy pronounces otherwise, and opens marriage as the gateway to repentance and virtue." (Schouler's Domestic Relations, 5th ed., § 23.)

"Concealment by a woman of her prior marriage, or even her misrepresentation in that regard, is not a ground of nullity or divorce in the absence of statute, and so of her unchastity prior to marriage; for were it otherwise a woman who had once fallen would in most cases have forever closed to her the only avenue to respectability and virtue." (Law of Domestic Relations, Spencer, § 70.)

It is said, however, that "some courts are disposed to relax the severity of this rule, especially where the fraud or deceit has been accomplished by some measure of coercion or imposition, in the case of very young girls duped or decoyed into an unsuitable marriage, and in the case of aged persons of feeble intelligence who have been tricked or deluded." (26 Cyc. 906.) The circumstances pleaded in this case bring it within the same class as those referred to. The marriage with a boy of nineteen years, brought about by an experienced woman of thirty, without the knowledge or consent of his parent or guardian, may be such an imposition as to justify the interposition of a court. Moreover, the defendant here is charged not merely with unchastity, but with adultery—the violation of her

marriage vow—which had been established by the find-ing of a court and become a matter of public record. The plaintiff asks the nullification of the marriage, but also prays for ·such relief as may be found just. He alleges residence for ten years in the county where the action is brought. The amended petition may there-fore be treated as one for divorce on the ground of fraud. We think in that aspect it stated a cause of ac-tion, and as the relief so afforded is ample there is no occasion for any other remedy.

The amended petition contains the further allega-tion "that the said defendant and her first husband were not divorced, but that said first husband aban-doned said defendant, and said defendant has never ob-tained any divorce from him." This seems intended as an averment that the defendant was incompetent to contract the marriage with the plaintiff, and by a lib-eral construction we think it should be so interpreted, although there is no specific statement that her hus-band is still alive. Such incapacity would be a ground either of annulment or divorce.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.