606

REEVES v. REEVES et al. (No. 1051—5254.)

Commission of Appeals of Texas, Section B.
April 10, 1929.

Henne & Fuchs, of New Braunfels, and Goeth, Webb & Goeth, of San Antonio, for plaintiff in error.

H. S. Groesbeeck, of San Antonio, for defendant in error.

SPEER, J. The only question presented in this case is one of practice. The case is a proceeding to probate a will, in which the trial court sustained a motion by the proponent to dismiss the contestant, and the Court of Civil Appeals reversed that judgment and remanded the cause upon the theory that such ruling constituted fundamental error. 7 S.W.(2d) 683.

The correctness of the trial court's ruling depended upon the status of the testator by reason of a marriage between him and the proponent in the state of Kansas at a time when it is alleged he was insane. And this status, in turn, depends upon what was the law of Kansas at the time of such marriage; it being admitted that testator was at the time insane. The law of a sister state is with us a question of fact; all parties recognized that in this case by pleading and offering proof as to the law of Kansas. This question of fact, whatever the evidence, must be ascertained from the statement of facts, and no question which requires an examination of the entire statement of facts can constitute that error apparent of record, commonly called "fundamental error," which will justify a Court of Civil Appeals in reversing a judgment in the absence of an assignment of error. The question is thoroughly settled by the recent decision in Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967, where touching this precise point of practice it is said: "If it be conceded, as it must be, that the Court of Civil Appeals is not required to consider such an alleged error, it necessarily follows that that court has no power to consider such an error, even though it should elect to do so. Its power or authority, as above indicated, depends upon the presentation to it of such an error as would require consideration at its hands."

Here the Court of Civil Appeals could only condemn the trial court's ruling after an examination of the entire statement of facts to ascertain the status of the evidence as to the laws of Kansas affecting the marital status of the testator. This the court was not under the duty, nor had it the power, to do in the absence of an assignment of error.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed, as recommended by the Commission of Appeals.