Concepcion Legaretta NEVAREZ, Appellant,

v.

Maria Nevarez de BAILON and husband,
Guadalupe Bailon H., Appellees.

No. 5137.

Court of Civil Appeals of Texas.

El Paso.

Jan. 25, 1956.

Rehearing Denied Feb. 8, 1956.

Charles R. Loomis, Samuel K. Wasaff, El Paso, for appellant.

Galvan & Galvan, El Paso, for appellees.

FRASER, Justice.

Appellant sought to be appointed administratrix of the estate of Guadalupe Nevarez, and also sought a widow's allowance and other claims as the surviving wife or widow of the said Nevarez. Her claims were denied by the Probate Court of El Paso County, and the matter was appealed to the 41st District Court of El Paso County. The trial court withdrew the case from the jury and awarded a judgment in favor of appellee, and from such action appellant has brought her appeal to this court.

Appellant and deceased Nevarez had apparently entered into an agreement to live together, and did so from the year 1939 until the death of the deceased in 1952. There is ample evidence in the record that they cohabited as husband and wife and that the children of appellant lived in the home and were supported by the deceased, also that they were regarded as husband and wife by neighbors and friends, and that she on occasion had used the name Nevarez. They had not been united in any marriage ceremony, civil or religious. Appellant in her petition and proof alleges and maintains that she was the common-law wife of deceased and entitled as such to inherit her portion of the deceased's estate lying in Texas. It is undisputed that the couple never lived in Texas, and their home was in Juarez during the entire thirteen years that they lived together. Appellant urges in her brief that this couple had a relationship which corresponds to our common-law marriage—that is, the common-law marriage recognized by the State of Texas. This statement is largely true, with two notable exceptions. First, the parties to a Texas common-law marriage must be competent to contract, and secondly, the Texas common-law marriage can be terminated only by death, divorce or annulment. The relationship in the Republic of Mexico, State of Chihuahua, is called "concubinage" and may be terminated at will by either party, and may be entered into although there is an impediment which would prevent the relationship of common-law marriage in Texas.

It is immediately apparent that before appellant can claim in the Texas courts as an heir of deceased she must be able to show that she was his wife at the place of their residence, which in this case is the State of Chihuahua. This she does not seem able to do. It is recognized that there is no common law in the Republic of Mexico and State of Chihuahua. Pilgrim v. Griffin, Tex.Civ.App., 237 S.W.2d 448. This record further verifies that fact by the testimony of attorneys from Juarez, Chihuahua, all of whom testified that it is a Code state, and all of the laws are found in one or more of the various codes that apply to the particular situation, and as one attorney testified, the rights and status of the people are determined by the provisions of the applicable code. The relationship called concubinage is expressly provided for in one of the codes of Chihuahua, and permits the female or concubine to inherit a portion of her partner's estate provided she can qualify under its terms, some of which are that the couple must have lived together and maintained their home for at least five years, and that such relationship must have been in existence at the time of the death of the male partner, or husband. But the woman is described always as a "concubine" and in the case before us appellant made

application to the Chihuahua court to inherit as a concubine (by Mexican law a concubine inherits a lesser part than she would receive if she were a legal wife or widow) so appellant has designated herself as a concubine. It is elementary that for an applicant from a foreign jurisdiction to qualify in the state of Texas as the surviving wife she must be able to prove or qualify as such in the place of her residence, and the law to be applied is the law in effect at the place of applicant's residence. Portwood v. Portwood, Tex.Civ.App., 109 S.W. 2d 515; Thompson v. Thompson, Tex.Civ. App., 202 S.W. 175; In re Reeves' Estate, Tex.Civ.App., 7 S.W.2d 683; Speer—Marital Rights, Sec. 29.

■ It was testified without contradiction that the only valid legal marriage in Chihuahua, Mexico, was one performed by and through the civil authorities, and as one attorney described the situation, those people who entered into merely a religious ceremony, or the state of concubinage without ceremony, have consummated a "legal union" but not a legal marriage. It was further testified that marriages can be proven in Mexican courts only by presentation of a certified copy of the certificate or instrument drawn up in the Civil Authorities' authorized book. It is clear then that appellant could not have proved a valid marriage in Mexico because she had never entered into any civil ceremony with the deceased. If she could not have proven a valid marriage there, then of course she cannot come into the Texas courts as a surviving wife, because her standing here must depend on her ability to establish her status as a surviving wife at the place of her residence.

It was further testified that after the reform in Mexico all marriages not perfected through the civil channel were not marriages in the eyes of the law, but were concubinage relationships. There was further testimony from the attorneys, speaking as experts on Mexican law, that the non-civil-perfected marriages were null and void under the terms of one of the articles of the Code, which provides that an act which lacks an essential factor for its existence is considered "inexistent" and no legal effect may come of it. The conclusion therefore seems unavoidable that appellant, who styles herself in the Juarez court as a concubine, could not and cannot establish herself as a surviving legal wife at the place of the residence of herself and the deceased. This being true she cannot assert any claim in the courts of Texas against the property of the deceased lying in Texas, because she cannot qualify in her home jurisdiction as a surviving wife.

It should be said in passing that the term "concubine" as used in Mexico does not carry with it the stigma ordinarily attached to it by the English language. It is an institution recognized by law in the Republic of Mexico, and as one witness testifying described it, the relationship of more than half a million Mexican couples.

■ Therefore we must hold that because the relationship between appellant and deceased was entered into and existed wholly within the state of Chihuahua, it must be regulated and defined by the Code Law of that state. This Code Law is in evidence in this case without dispute, and defines appellant as a concubine, and grants her certain rights of inheritance as such, but does not recognize her relationship as a valid, provable marriage in the courts of Chihuahua, and Mexico. The courts of Texas must therefore recognize her as do the courts of her residence, viz., as a concubine, and there is no provision in the Texas law for her to inherit as such. Under the facts and circumstances here she could not claim as a common-law wife in Texas for such a relationship is non-existent in the jurisdiction of her residence. It is apparent therefore that we must affirm the judgment of the trial court.

The judgment of the trial court is in all things affirmed.