No. 63,580

STATE OF KANSAS, *Appellant*, v. TROY M. SEDLACK, *Appellee.*

(787 P.2d 709)

Opinion filed March 2, 1990.

*Richard G. Guinn,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Reid T. Nelson,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case concerns the legal capacity of a minor to enter into a common-law marriage. The issue comes to us in a criminal procedure context. The State has appealed the dismissal of a criminal complaint against Troy Sedlack. K.S.A. 22-3602(b)(1). Sedlack was charged with indecent liberties with a child, K.S.A. 21-3503. The trial court held that Sedlack and the child, fifteen-year-old Stephanie Ebberts, were common-law married and dismissed the complaint.

Facts

Troy Sedlack and Stephanie Ebberts began a dating relationship in October of 1987. They commenced living together in February of 1988. Their living arrangement continued off and on throughout 1988. At the preliminary hearing, Stephanie, who was pregnant,

testified that she and Sedlack had had sexual intercourse during the fall of 1988. Stephanie identified Sedlack as the future father.

Stephanie testified that, during the time they were living together, Sedlack supported her. They considered themselves to be husband and wife. According to Stephanie, she and Sedlack had agreed that they were married. Stephanie said that she introduced herself to people as Stephanie Sedlack. She had signed documents such as credit applications as "Stephanie Sedlack."

Frances Larson, Stephanie's mother, had never heard her daughter refer to herself as Stephanie Sedlack. Stephanie had indicated to her mother, however, that she considered herself to be married to Sedlack. Larson said that Stephanie did not use the term "common-law married." Larson did not think that Stephanie knew what those words meant. Stephanie did, however, tell her mother that she and Sedlack were living together as husband and wife. When asked why Stephanie would not use the name Sedlack in her mother's presence, Larson said:

"She knew that we disliked Mr. Sedlack and had bound [sic] him from our house and from calling our house, and she was not allowed to see him. They have run off together five different times, and she knew it would be trouble if she used that name around me."

Larson also testified that Stephanie had asked her to consent to a formal marriage ceremony before the court. Larson refused.

The State's complaint filed against Sedlack stated the following:

"[O]n or about September, 1988 through October, 1988, in the County of Johnson and State of Kansas,

TROY M. SEDLAK [sic]

did then and there unlawfully, knowingly, willfully and feloniously engage in sexual intercourse with a child under the age of sixteen years, to-wit: Stefanie [sic] Ebberts, who was not his spouse, with the intent to arouse or satisfy his sexual desires, in violation of K.S.A. 21-3503 and K.S.A. 21-4501(c)."

At the close of the preliminary hearing, Sedlack moved to dismiss the complaint. After further legal argument the trial court held that Sedlack and Stephanie were common-law married at the time of the alleged offense. The trial court found that (1) they had the capacity to enter into such an arrangement, (2) a present marriage agreement existed, and (3) they held themselves out to the public as husband and wife. The court dismissed the criminal

complaint. The crime charged requires that the parties not be married at the time of the alleged offense.

### Capacity to Enter Into a Common-Law Marriage

In *State v. Johnson*, 216 Kan. 445, 448, 532 P.2d 1325 (1975), we identified the three requirements which must coexist to establish a common-law marriage in Kansas:

"(1) [a] capacity to marry; (2) a present marriage agreement, and (3) a holding out of each other as husband and wife to the public. [Citations omitted.]

"The common law sets the ages of consent to be fourteen for the male and twelve for the female."

The State argues that pursuant to K.S.A. 23-106, the marriage license statute, persons under the age of eighteen may not enter into a marriage relationship without parental consent. Since there was no evidence that Stephanie's parents had consented to her marriage (in fact, Stephanie's mother refused to consent), the State reasons that Stephanie did not have the capacity required for a common-law marriage.

K.S.A. 23-106 merely prohibits a clerk or judge from issuing a marriage license to any person under age eighteen without the consent of such person's father, mother, or legal guardian, and a judge of the district court. It does not prohibit a party under the age of eighteen from entering into a marriage.

During oral argument the State conceded that we must overrule *Browning v. Browning*, 89 Kan. 98, 130 Pac. 852 (1913), if we adopt the State's view and reverse the trial court. We decline to do so. In *Browning* we said:

"The issuance of a license for the marriage of a minor is forbidden, except with the consent of the father, mother or guardian. [Citation omitted.] The statute does not declare that the marriage of a minor entered into without the consent of the parent or guardian is void, and in the absence of a provision to that effect such legislation is construed as intended to prevent such marriages as far as possible, but not to [void] them if they are once entered into." 89 Kan. at 99.

K.S.A. 23-106 has been amended several times since 1913, when *Browning* was decided. We presume that the legislature acted with full knowledge of *Browning* in effecting the later amendments. *City of Lenexa v. Board of Johnson County Comm'rs*, 237 Kan. 782, 786, 703 P.2d 800 (1985).

We recently revisited the K.S.A. 23-106 age limitation issue in *State v. Wade,* 244 Kan. 136, 140, 766 P.2d 811 (1989):

"There is no minimum statutory age for marriage in Kansas. The K.S.A. 23-106 age limitation relates only to the issuance of a marriage license without parental (or guardian) and judicial consent. Anyone under the age of 18 must have the consent of a parent or legal guardian and a judge of the district court to be issued a marriage license."

A fifteen-year-old has the capacity to enter into a common-law marriage. Under the facts of this case, the complaint charging indecent liberties with a child was properly dismissed upon the trial court's holding that Sedlack and Ebberts were common-law married.

Affirmed.