(989 P.2d 297)
No. 82,974

In the Matter of the Petition of LOLA PACE For a Writ of Habeas Corpus.

Opinion filed October 1, 1999.

*Robert D. Campbell*, of Campbell Law Office, of Atchison, for appellant.

*Patrick E. Henderson*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., GREEN, J., AND BARRY A. BENNINGTON, District Judge, assigned.

RULON, J.: Petitioner Lola Pace appeals the district court's holding that a minor is not emancipated by entering into a common-law marriage and she, therefore, is subject to the child in need of care code.

In January 1999, petitioner, age 16, and Patrick Sullivan, age 20, agreed to be married to each other and held themselves out to be

married to petitioner's mother and others. Petitioner's putative father, Farrell Odum, with whom petitioner had lived for the majority of her life, reported to the Atchison County Attorney's office that petitioner was absent from his home without his permission. The County Attorney's office filed a petition alleging petitioner was a child in need of care pursuant to K.S.A. 38-1502(a)(9). Petitioner was removed from her marital home and taken into custody by the Department of Social and Rehabilitation Services (SRS) as a result of an ex parte temporary custody order.

Petitioner's mother filed a verified petition for issuance of a writ of habeas corpus, alleging the State had unlawfully taken petitioner into custody. Ultimately, the district court found that a minor is not emancipated by way of a common-law marriage.

There are three requirements which must coexist to establish a common-law marriage in Kansas: (1) capacity to marry; (2) a present marriage agreement; and (3) a holding out of each other as husband and wife to the public. The common-law ages of consent are 14 for a male and 12 for a female. *State v. Johnson*, 216 Kan. 445, 448, 532 P.2d 1325 (1975). A minor who has reached the age of consent does not need the consent of a parent to enter into a valid common-law marriage. See *State v. Sedlack*, 246 Kan. 305, 787 P.2d 709 (1990). The district court found the elements to establish a common-law marriage existed in the present case. However, the district court also found petitioner was not emancipated by way of the common-law marriage.

K.S.A. 38-101 states: "The period of minority extends in all persons to the age of eighteen (18) years, except that every person sixteen (16) years of age or over who is or has been married shall be considered of the age of majority in all matters relating to contracts, property rights, liabilities and the capacity to sue and be sued."

Our Supreme Court has long recognized common-law marriages. See *Browning v. Browning*, 89 Kan. 98, 130 Pac. 852 (1913). We conclude that if an individual who is at least 16 years of age enters into a valid common-law marriage, that individual is "considered of the age of majority." K.S.A. 38-101.

" 'In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citation omitted.]' " *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

Therefore, K.S.A. 38-101 must be read in conjunction with 38-1501 *et seq.*, the child in need of care code. Clearly, the legislature intended for a married, 16-year-old individual to be of majority age under K.S.A. 38-101. Consequently, a minor who has been emancipated as a matter of law under K.S.A. 38-101 is not subject to the provisions of the child in need of care code. The court must give effect to the legislature's intent even though words, phrases, or clauses must be omitted or inserted at some place in the statute. See *KPERS*, 262 Kan. at 644.

An unreasonable result would occur if an emancipated individual under K.S.A. 38-101 could be removed from a valid common-law marital home under K.S.A. 38-1501 *et seq.* As a general rule, statutes are construed to avoid unreasonable results. *Wells v. Anderson*, 8 Kan. App. 2d 431, 433, 659 P.2d 833, *rev. denied* 233 Kan. 1093 (1983).

Reversed and remanded for further proceedings consistent with this opinion.