Gregory P. Goheen, Legal Counsel Unified School District No. 202 707 Minnesota Avenue, 4th Floor, P.O. Box 171300, Kansas City, Kansas 66117
Dear Mr. Goheen:
As legal counsel for Unified School District No. 202, you request our opinion regarding the obligations of a unified school district in providing education services for exceptional children. Specifically, you ask: (1) whether a school district is obligated to report as a child in need of care or truant an exceptional child who is between the ages of 18 and 21 years and who stops attending school; (2) whether a school district is required to report as a child in need of care or truant an exceptional child who, upon reaching the age of 16 years, is withdrawn from school by a parent or guardian; and (3) whether a school district is obligated to provide special education and related services to an exceptional child who has withdrawn from school.
The term "exceptional children" is defined as "persons who are children with disabilities or gifted children and are school age. . . ."[1]
"`Children with disabilities' means children with mental retardation, hearing impairments including deafness, speech or language impairments, visual impairments including blindness, emotional disturbance, orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities and who, by reason thereof, need special education and related services."[2]
For purposes of this opinion, any reference to an exceptional child or a child with exceptionalities is intended to refer to a child with a disability as that term is defined in subsection (z) of K.S.A. 1999 Supp. 72-962. The terms are not intended to include a child who is determined to be a gifted child.
To determine the obligations of a unified school district in providing special education and related services to a child with exceptionalities, it is necessary to review a number of State statutes.
Kansas Code for Care of Children
The Kansas Code for Care of Children (Code)[3] was enacted to ensure "that each child within its provisions shall receive the care, custody, guidance, control and discipline, preferably in the child's own home, as will best serve the child's welfare and the best interests of the state."[4] Under the Code, "teachers, school administrators or other employees of a school which the child is attending" are required to report suspicions "that a child has been injured as a result of physical, mental or emotional abuse or neglect or sexual abuse. . . ."[5]
Applicable definitions are:
 "(b) `Physical, mental or emotional abuse or neglect' means the infliction of physical, mental or emotional injury or the causing of a deterioration of a child and may include, but shall not be limited to, failing to maintain reasonable care and treatment, negligent treatment or maltreatment or exploiting a child to the extent that the child's health or emotional well-being is endangered. A parent legitimately practicing religious beliefs who does not provide specified medical treatment for a child because of religious beliefs shall not for that reason be considered a negligent parent; however, this exception shall not preclude a court from entering an order pursuant to subsection (a)(2) of K.S.A. 38-1513 and amendments thereto.
 "(c) `Sexual abuse' means any act committed with a child which is described in article 35, chapter 21 of the Kansas Statutes Annotated and those acts described in K.S.A. 21-3602 or 21-3603, and amendments thereto, regardless of the age of the child.
. . . .
 "(cc) `Neglect' means acts or omissions by a parent, guardian or person responsible for the care of a child resulting in harm to a child or presenting a likelihood of harm and the acts or omissions are not due solely to the lack of financial means of the child's parents or other custodian. Neglect may include but shall not be limited to:
 "(1) Failure to provide the child with food, clothing or shelter necessary to sustain the life or health of the child;
 "(2) failure to provide adequate supervision of a child or failure to remove a child from a situation which requires judgment or actions beyond the child's level of maturity, physical condition or mental abilities and that results in bodily injury or a likelihood of harm to the child; or
 "(3) failure to use resources available to treat a diagnosed medical condition if such treatment will make a child substantially more comfortable, reduce pain and suffering, correct or substantially diminish a crippling condition from worsening. A parent legitimately practicing religious beliefs who does not provide specified medical treatment for a child because of religious beliefs shall not for that reason be considered a negligent parent; however, this exception shall not preclude a court from entering an order pursuant to subsection (a)(2) of K.S.A. 38-1513, and amendments thereto."[6]
"The clear purpose of the [Code] is to protect children who have been abused or neglected."[7] A child who is 16 or 17 years of age and who is not attending school as required by State law falls within the definition of "child in need of care" set forth in the Code.[8] The obligation placed upon school personnel to file a child in need of care (CINC) report under the Code, however, is not triggered unless there is a suspicion of injury to a child due to "physical, mental or emotional abuse or neglect or sexual abuse." Failure of a 16 or 17 year old child to attend school pursuant to K.S.A. 1999 Supp. 72-977 does not necessarily obligate school personnel to file a CINC report regarding the child. Whether the obligation exists will depend on the circumstances surrounding each child's situation.
There is even less of an obligation on school personnel to file a CINC report regarding a child who is 18 to 21 years old. As previously noted, the Code defines "child in need of care" as including "a person less than18 years of age who . . . is not attending school as required by K.S.A.72-977 or 72-1111, and amendments thereto."[9] Thus, a child who is between the ages of 18 and 21 years and who is not attending school as required by State law is not a "child in need of care" under the Code and is not subject to the Code's provisions. There is no obligation under the Code to file a CINC report regarding a child who is between the ages of 18 and 21 years and who is not attending school as required under the child's IEP, regardless whether there are suspicions of abuse or neglect.
Compulsory Education Provisions
Prior to determining the obligation of a school district to report a child as truant, it is necessary to review the ability of a child with exceptionalities to withdraw from school. Subsection (b) of K.S.A. 1999 Supp. 72-1111 states:
 "If the child is 16 or 17 years of age, the child shall be exempt from the compulsory attendance requirements of this section if . . . (2) the child and the parent or person acting as parent attend a final counseling session conducted by the school during which a disclaimer to encourage the child to remain in school or to pursue educational alternatives is presented to and signed by the child and the parent or person acting as parent. The disclaimer shall include information regarding the academic skills that the child has not yet achieved, the difference in future earning power between a high school graduate and a high school drop out, and a listing of educational alternatives that are available for the child."
The Legislature has, through this provision, exempted certain 16 and 17 year old children from "the compulsory attendance requirements of thissection." The same language is used in subsection (d) of the statute in exempting children with exceptionalities from the compulsory attendance requirements of the statute. Clearly, "this section" in subsection (b) refers to K.S.A. 1999 Supp. 72-1111 itself. A child who is 16 or 17 years of age and who attends a final counseling session pursuant to subsection (b) of K.S.A. 1999 Supp. 72-1111 will be exempt from the compulsory attendance requirements of K.S.A. 1999 Supp. 72-1111. Subsection (b) does not establish a procedure whereby a child with exceptionalities may be exempt from the compulsory attendance requirements of K.S.A. 1999 Supp.72-977. Thus, school attendance of an exceptional child who is 16 or 17 years of age remains subject to the terms of the child's IEP.
The Special Education for Exceptional Children Act,[10] which establishes the compulsory education requirements for children with exceptionalities, states that it is "the duty of the parent of each exceptional child to require such child to attend school to receive the special education and related services which are indicated on the child's [IEP] or to provide for such services privately."[11] The State Board has determined that "school age" for children with disabilities includes those children who "hav[e] attained age three, through the school year in which the child graduates with a regular high school diploma or reaches age 21, whichever occurs first."[12] Therefore, a child with a disability who has reached the age of three years and who has not received a high school diploma or reached the age of 21 years is required to attend school so that the child may receive the education and related services[13] outlined in the child's IEP, unless the parent of the child has made arrangements for providing such services privately.
In an attempt to ensure that children attend school as required by law, the Legislature has obligated boards of education to provide a procedure for filing a report regarding a child who has not reached the age of 18 and who is not attending school as required by compulsory education provisions.[14]
 "Whenever a child is required by law to attend school, and the child is not enrolled in a public or nonpublic school, the child shall be considered to be not attending school as required by law and a report thereof shall be made in accordance with the provisions of subsection (a) by a designated employee of the board of education of the school district in which the child resides. . . ."[15]
Because a child with exceptionalities is subject to the compulsory education requirements of K.S.A. 1999 Supp. 72-977, there is no mechanism whereby a 16 or 17 year old child with exceptionalities may withdraw from school. If a 16 or 17 year old child with exceptionalities is not attending school or receiving the special education and related services indicated in the child's IEP, the school district is obligated to file a report as stated in K.S.A. 1999 Supp. 72-1113, as amended.
Although the Legislature has amended the compulsory education statutes since the time the State Board established "school age" for a child with a disability as being three to 21 years of age, there has never been an attempt to differentiate between a student required to attend school pursuant to K.S.A. 1999 Supp. 72-977 and a student subject to K.S.A. 1999 Supp. 72-1111 when addressing reporting requirements. K.S.A. 1999 Supp.72-1113, as amended, designates to whom a report regarding a child under the age of 18 years is to be made. There is no provision designating to which official a report regarding nonattendance by a child over 18 years of age is to be submitted. The Legislature is presumed to know the law.[16] Knowing that "school age" for an exceptional child includes the school year in which the student reaches the age of 21 years, the Legislature has chosen to end the reporting requirements when the child reaches the age of 18 years. There is no obligation under the compulsory education statutes to report as truant a child with a disability who is between the ages of 18 and 21 years and who is not attending school as required under K.S.A. 1999 Supp. 72-977.
Obligation to Continue Providing Special Education or Related Services
In order for the State of Kansas to be eligible to receive federal funds under the Individuals with Disabilities Education Act (IDEA),[17]
the State must demonstrate that it has in effect policies and procedures to ensure that "[a] free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive. . . ."[18] By State statute, the State Board of Education is obligated to adopt and administer the State plan for special education and related services authorized under the Special Education for Exceptional Children Act.[19] "The state board [of education] may adopt rules and regulations for administration of this act and shall adopt rules and regulations necessary to comply with the federal law and to implement the provisions of [the State] act."[20] Regulations of the State Board indicate that special education and related services are to be available for children who are between the ages of three and 21.[21]
Each school district is required to have in effect at the beginning of each school year an IEP for each exceptional child.[22] "Each agency, teacher, and related services provider shall provide special education and related services to an exceptional child in accordance with the child's IEP and shall make a good faith effort to assist the child to achieve the goals and objectives stated in the IEP."[23] Once a child has been determined to be a child with an exceptionality and has received special education or related services, a school district is required to conduct a reevaluation prior to terminating any special education or related services provided to the child, unless termination of services is based on the child's graduation from school or reaching the age of 21.[24]
Based on the requirements of State law, a school district is required to make available to an exceptional child any special education or related services designated in the child's IEP. The services may not be terminated until a reevaluation is conducted, unless the child has graduated from high school or reached the age of 21.
In review, the obligation placed upon school personnel to file a CINC report under the Kansas Code for Care of Children is triggered when there is a suspicion of injury to a child due to physical, mental or emotional abuse or neglect or sexual abuse. Failure of a 16 or 17 year old child to attend school pursuant to K.S.A. 1999 Supp. 72-977 does not necessarily obligate school personnel to file a CINC report regarding the child. A person who is not attending school as required by State law, but who is between the ages of 18 and 21 years, is not a "child in need of care" under the Code and is not subject to the Code's provisions. Therefore, there is no obligation under the Code to report as a "child in need of care" a child who is between the ages of 18 and 21 years and who is not attending school as required under the child's IEP.
School attendance of an exceptional child who is 16 or 17 years of age is subject to the terms of the child's IEP. If an exceptional child who is 16 or 17 years of age is not attending school or receiving the special education and related services indicated on the child's IEP, the child is considered as not attending school as required by law and a report thereof is to be made in accordance with the provisions of subsection (a) of K.S.A. 1999 Supp. 72-1113, as amended, by a designated employee of the board of education of the school district in which the child resides. There is no obligation under the compulsory education statutes to report as truant a child with exceptionalities who is between the ages of 18 and 21 years and who is not attending school as required under K.S.A. 1999 Supp. 72-977.
Once a child has been determined to possess an exceptionality and has received special education or related services, a school district is required to conduct a reevaluation prior to terminating any special education or related services provided to the child, unless termination of services is based on the child's graduation from school or reaching the age of 21 years. Thus, a school district is obligated to make available those special education and related services designated in a child's IEP until such a reevaluation is conducted, the child graduates from high school, or the child reaches the age of 21 years.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 1999 Supp. 72-962(g).
[2] K.S.A. 1999 Supp. 72-962(z).
[3] K.S.A. 38-1501 through 38-1593.
[4] K.S.A. 38-1501.
[5] K.S.A. 1999 Supp. 38-1522(a).
[6] K.S.A. 1999 Supp. 38-1502, as amended by L. 2000, Ch. 150, § 3 (emphasis denotes new language).
[7] In re Adoption of J.A.B., No. 82,888 (Kan. Ct. of Appeals, Feb. 4, 2000). See also K.S.A. 38-1521.
[8] K.S.A. 1999 Supp. 38-1502(a)(6), as amended.
[9] Id. (emphasis added). See also K.S.A. 38-101; In re Pace,26 Kan. App. 2d 538, 540 (1999).
[10] K.S.A. 1999 Supp. 72-961 et seq.
[11] K.S.A. 1999 Supp. 72-977(a).
[12] K.A.R. 91-40-1(ddd). This regulation replaced K.A.R. 91-12-22, which was revoked on May 19, 2000, the effective date of K.A.R. 91-40-1.See Kansas Register, v. 19, no. 18, p. 680, 685-690 (May 4, 2000). Seealso K.S.A. 1999 Supp. 72-962(g) (authorizes the State Board of Education to establish "school age" for children with exceptionalities).
[13] K.S.A. 1999 Supp. 72-962(s).
[14] K.S.A. 1999 Supp. 72-1113, as amended by L. 2000, Ch. 150, § 32.
[15] Id.
[16] In re Tax Appeal of American Restaurant Operations, 264 Kan. 518,524 (1998).
[17] 20 U.S.C.A. §§ 1400 et seq.
[18] 20 U.S.C.A. § 1412(a); 34 C.F.R. § 300.300.
[19] K.S.A. 1999 Supp. 72-963.
[20] Id.
[21] K.A.R. 91-40-1(ddd) ("school age" for children with disabilities defined as children having attained the age of 3 years through the school year in which the child first graduates or reaches age 21); 91-40-2 (each agency required to provide FAPE available to each child with a disability residing in the district, excluding students ages 18 through 21 who are incarcerated and not previously identified as a child with a disability); 91-40-7 (child find procedures are to include means of identifying children with exceptionalities who are from ages 5 through 21); 91-40-10 (an agency is not required to conduct a reevaluation of a child with exceptionalities if the child has graduated or reached the age of 21); 91-40-44 (allocation of funds to private schools based in part on number of children with disabilities between the ages of three and 21).
[22] K.S.A. 1999 Supp. 72-987.
[23] K.A.R. 91-40-19.
[24] K.A.R. 91-40-10(e)(1).